## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---------------------------------------------    )
ZACHARY BAUMEL, by his next                      )
friend, STUART DITCHECK,                         )
JONAH BAUMEL, MIRIAM                             )    Civil Action No. 06-682 (RMC)
BAUMEL, OSNA BAUMEL and                          )
SHIMON BAUMEL,                                   )
               Plaintiffs,    )
                      )
        -against-                     )
                      )
SYRIAN ARAB REPUBLIC,                            )
BASHAR AL-ASSAD, JOHN DOE #                      )
1, AS OF REPRESENTATIVE OF                       )
THE ESTATE OF HAFEZ AL-                          )
ASSAD, RIFAAT ASSAD, FAROUQ                      )
AL-SHAARA, IMAD                                  )
MOUSTAPHA, MOUSTAPHA                             )
TLAAS, POPULAR FRONT FOR                         )
THE LIBERATION OF PALESTINE,                     )
ACHMED JIBRIL                                    )
                      )
And                                              )
                      )
JOHN & JANE DOES 2-99,                           )
                      )
            Defendants.          )
---------------------------------------------    )

## MOTION FOR THE COURT TO DIRECT SERVICE
## PURSUANT TO THE FOREIGN SOVEREIGN IMMUNITIES ACT

       Thomas J. Luz, a member of the bar of this Court and of the

Karaahmetoglu & Luz Firm, LLP, attorneys for Plaintiffs in this action, moves this Court,

pursuant to 28 U.S.C. § 1608(b)(3)(C) for an order permitting Plaintiffs to serve the

summons and complaint in this action on the Defendant agencies and instrumentalities of

the Syrian Arab Republic by delivering them to the Embassy of Syria in the District of Columbia by licensed process server, or by such other means as the Court may direct.

## BACKGROUND

1        On April 14, 2006, Plaintiffs filed a summons and complaint in this Court against Defendants, all of whom (with the exception of the Popular Front for the Liberation of Palestine and Achmed Jibril) are a foreign state, agency or instrumentality of a foreign state. A copy of the summons and complaint, with Arabic translation, is annexed as Exhibit 1.

2.       On August 8, 2006, Defendants Bashar Al-Assad, John Doe #1, as Representative of The Estate of Hafez Al-Assad, Rifaat Assad, Farouq Al-Shaara and Moustapha Tlaas were each sent the summons and complaint via registered mail, return receipt requested pursuant to 28 U.S.C. § 1608(b)(3)(B). Plaintiffs attached a copy of the complaint translated into Arabic, the official language of the Syrian Arab Republic ("Syria").

3.       On August 10, 2006, Defendant Imad Moustapha was served with the summons and complaint via certified mail, return receipt requested pursuant to 28 U.S.C. § 1608(b)(3)(B). Plaintiffs attached a copy of the complaint translated into Arabic, the official language of Syria.

4.       No Defendant signed the return receipts of the registered mailings and those return receipts were never returned to Plaintiffs.

5.       On November 15, 2006, our office mailed the original registered mail slips to the Office of the Clerk of this Court, c/o Theresa Gumeil, at her instruction. Copies of the registered mail slips are annexed as Exhibit 2.

6.          In an attempt to prove that service had been effected, we subsequently attempted to obtain the records of the U.S. Postal Service showing to whom the summonses were delivered. The U.S. Postal Service refused to give us any information about the mailings without the original registered mail slips. When our office asked Ms. Gumeil for the original slips, she told us that the original registered mail slips were part of the Court's record and could not be returned.

7.          On May 9, 2007, Plaintiffs moved to enter a default judgment against Defendants.

8.          On July 3, 2007, the Clerk sent Plaintiffs a letter attaching certified copies of the receipts for the registered mailings and stated that the certified copies would allow the U.S. Postal Service to provide confirmation of delivery of each mailing. The U.S. Postal Service agreed to assist Plaintiffs by looking in its archives for any related documents. The U.S. Postal Service failed, however, to locate any documents providing confirmation of delivery of the mailings.

9.          Plaintiffs received a Certificate of Mailing from the Clerk of the Court certifying that all the summonses and complaints were mailed to Defendants on August 8, 2006. A copy of the Certificate of Mailing is annexed as Exhibit 3.

10.         Plaintiffs did not receive a signed return receipt from the certified mailing to Defendant Imad Moustapha. However, the track and confirm service on the U.S. Postal Service's website showed that the summons and complaint were delivered on August 10, 2006 and signed for by E. Fero. A copy of the track and confirm record is annexed as Exhibit 4.

11.         Plaintiffs have yet to receive responses from any Defendants and cannot

confirm Defendants' receipt of the summons and complaint.

**COURT ORDERED SERVICE UPON THE EMBASSY OF SYRIA
IN THE DISTRICT OF COLUMBIA BY A LICENSED PROCESS
SERVER IS APPROPRIATE PURSUANT TO § 1608(b)(3)(C)**

12.         The Foreign Sovereign Immunities Act ("FSIA") enumerates the methods

that must be used to serve a foreign sovereign and its agencies and instrumentalities.

Service upon an agency or instrumentality of a foreign state is governed by § 1608(b):

> (1) by delivery of a copy of the summons and complaint in
> accordance with any special arrangement for service
> between the plaintiff and the agency or instrumentality; or

> (2) if no special arrangement exists, by delivery of a copy
> of the summons and complaint either to an officer, a
> managing or general agent, or to any other agent authorized
> by appointment or by law to receive service of process in
> the United States; or in accordance with an applicable
> international convention on service of judicial documents;
> or

> (3) if service cannot be made under paragraphs (1) or (2),
> and if reasonably calculated to give actual notice, by
> delivery of a copy of the summons and complaint, together
> with a translation of each into the official language of the
> foreign state--

> (A) as directed by an authority of the foreign state or
> political subdivision in response to a letter rogatory or
> request or

> (B) by any form of mail requiring a signed receipt, to be
> addressed and dispatched by the clerk of the court to the
> agency or instrumentality to be served, or

> (C) as directed by order of the court consistent with the law
> of the place where service is to be made.

13.         Service cannot be made pursuant to § 1608(b)(1) and § 1608(b)(2). There

are no special arrangements between Plaintiffs and the foreign state (Syria) or its

agencies and instrumentalities so § 1608(b)(1) is not applicable. Section 1608(b)(2) is not applicable because Syria does not have any agents in the U.S. who are authorized to accept service on behalf of its agencies and instrumentalities and Syria is not a party to any relevant conventions.

14.        It is not likely that the Syrian government will comply with a letter rogatory or request pursuant to § 1608(b)(3)(A) because it, along with its agencies and instrumentalities, are Defendants in this action and it appears that service has been willfully avoided.

15.        Plaintiffs attempted to serve Defendants Bashar Al-Assad, John Doe #1, as Representative of The Estate of Hafez Al-Assad, Rifaat Assad, Farouq Al-Shaara and Moustapha Tlaas through registered return-receipt mail pursuant to § 1608(b)(3)(B). No Defendant has signed the return receipts for service of the registered mailings. Despite Plaintiffs' diligent efforts to serve Defendants, Plaintiffs cannot confirm Defendants' receipt of the summons and complaint.

16.        Plaintiffs served Defendant Imad Moustapha via certified mail pursuant to § 1608(b)(3)(B) but did not receive a signed return receipt from the certified mailing. Despite Plaintiffs' diligent efforts to serve the Defendant, Plaintiffs cannot confirm Defendant's receipt of the summons and complaint.

17.        Plaintiffs have exhausted all of their options under § 1608(b) and now must rely on the Court for assistance in serving Defendants pursuant to § 1608(b)(3)(C) since service upon the embassy of an agency or instrumentality of a foreign state is not one of the methods of service provided by FSIA.

18.     In accordance with § 1608(b)(3)(C), service on the Embassy of Syria in the District of Columbia by a licensed process server is consistent with the Federal Rules of Civil Procedure and therefore, consistent with the law where service is to be made.

19.     Plaintiffs will pay for all fees associated with service by a licensed process server.

## CONCLUSION

20.     Plaintiffs have unsuccessfully attempted to serve the Defendant agencies and instrumentalities in this action. Since all other methods of service provided by § 1608(b) are not applicable or are unlikely to result in effective service, Plaintiffs respectfully request that this Court issue an order pursuant to § 1608(b)(3)(C) permitting Plaintiffs to serve the summons and complaint in this action on the Defendant agencies and instrumentalities of Syria by delivering them to the Embassy of Syria in the District of Columbia by licensed process server, or by such other means as the court may direct.

December 19, 2007

KARAAHMETOGLU & LUZ FIRM, LLP
*Attorney for Plaintiffs*
Zachary Baumel, *et al.*

By: _____/s/_____
        Thomas J. Luz, Esq.

1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------
ZACHARY BAUMEL, by his next )
friend, STUART DITCHECK, )
JONAH BAUMEL, MIRIAM )          Civil Action No. 06-682 (RMC)
BAUMEL, OSNA BAUMEL and )
SHIMON BAUMEL, )
)
         Plaintiffs, )
)
    -against- )
)
SYRIAN ARAB REPUBLIC, )
BASHAR AL-ASSAD, JOHN DOE # )
1, AS OF REPRESENTATIVE OF )
THE ESTATE OF HAFEZ AL- )
ASSAD, RIFAAT ASSAD, FAROUQ )
AL-SHAARA, IMAD )
MOUSTAPHA, MOUSTAPHA )
TLAAS, POPULAR FRONT FOR )
THE LIBERATION OF PALESTINE, )
ACHMED JIBRIL )
)
And )
)
JOHN & JANE DOES 2-99, )
)
         Defendants. )
-----------------------------------------------

### ORDER

Plaintiffs' motion for an order permitting Plaintiffs to serve the summons and complaint in this action on the Defendant agencies and instrumentalities of the Syrian Arab Republic by delivery to the Embassy of Syria in the District of Columbia by licensed process server having been heard, it is hereby ordered GRANTED.

                                     _____

                                       BY THE COURT

TO:

1.               Imad Moustapha
c/o Embassy of Syria
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

2.               Bashar Al-Assad
c/o Embassy of Syria
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

3.               Estate of Hafez Al-Assad
c/o Embassy of Syria
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

4.               Farouq Al-Shaara
c/o Embassy of Syria
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

5.               Moustapha Tlaas
c/o Embassy of Syria
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

6.               Rifaat Assad
c/o Embassy of Syria
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

# EXHIBIT 1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ZACHARY BAUMEL, by his next friend,

STUART DITCHEK, JONAH BAUMEL,

MIRIAM BAUMEL, OSNA BAUMEL and

SHIMON BAUMEL,

V.

SYRIAN ARAB REPUBLIC, BASHAR AL-

ASSAD, JOHN DOE #1, as representative of

the Estate of HAFEZ AL-ASSAD, RIFAAT

ASSAD, FAROUQ AL-SHAARA, IMAD

MOUSTAPHA, MOUSTAPHA TLAAS,

POPULAR FRONT FOR THE LIBERATION

OF PALESTINE, ACHMED JIBRIL, et al.

TO: (Name and address of Defendant)

**SUMMONS IN A CIVIL CASE**

CAS

CASE NUMBER   1:06CV00682

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 04/14/2006

SYRIAN ARAB REPUBLIC

c/o Embassy of Syria

2215 Wyoming Avenue, N.W.

Washington, D.C. 20008

    **YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

*THOMAS J. Luz*

Pearce & Luz LLP

1500 Broadway, 21st Floor

New York, NY 10036

(212) 221-8733

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON                    APR 1 4 2006
CLERK                                          DATE

*Maureen Hegarra*
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                          *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

<div dir="rtl">

محكمة الولايات المتحدة الإقليمية
لمقاطعة كولومبيا

| | |
|---|---|
| زاكري باومل، من خلال صديقه، ستيوارت ديتشك، جوناه باومل، ميريام باومل، أوسنا باومل، شيمون باومل، | استدعاء لقضية مدنية |
| | رقم القضية: 1:06CV00682 |
| ضد، | القاضي: روزماري م. كولير |
| الجمهورية العربية السورية، يشار الأسد، جون دو رقم 1، كممثل لتركة حافظ الأسد، رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى طلاس، الجبهة الشعبية لتحرير فلسطين، أحمد جبريل، ومن معهم. | نوع القضية: مدنية عامة |
| | تاريخ استلامها: 4/14/2006 |

إلى: (اسم وعنوان المدعى عليه)

الجمهورية العربية السورية
بواسطة سفارة سوريا
</div>

2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

<div dir="rtl">

**أنتم بموجب هذا مستدعون** ويجب عليكم أن ترسلوا إلى محامي المدعي (اسم وعنوان)

[بخط اليد] توماس جيه لوس
</div>

Pearce & Luz LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

<div dir="rtl">

رداً على هذه الدعوى التي تم إخطاركم بها عن طريق هذا الاستدعاء، خلال 30 يوماً من تاريخ استلامكم هذا الاستدعاء، دون احتساب يوم استلامه. إذا لم تقوموا بالرد، سيصدر حكم غيابي ضدكم بالإعانة المطلوبة في هذه الدعوى. أي رد ترسلونه إلى أطراف الدعوى يجب أن يرسل أيضاً إلى كاتب هذه المحكمة خلال فترة معقولة من تاريخ إرساله.

</div>

| | |
|---|---|
| 14 إبريل 2006 | Nancy M. Mayer-Whittington |
| التاريخ | كاتب المحكمة |
| | |
| | [بخط اليد] Maureen Higgins |
| | (عنه) نائب كاتب المحكمة |

AG440 (Rev. 8/01) Summons in a Civil Action

## بيان الإخطار

| | |
|---|---|
| التاريخ | تم تسليم القضية والإخطار من قبلي أنا (1) |
| مسماه الوظيفي | إسم الشخص الذي سلم الإخطار (بخط واضح) |

*علم على مربع واحد أدناه لتحدد طريقة الإخطار الملائمة*

☐ تم تسليم الإخطار شخصياً إلى المدعى عليه. المكان الذي تم فيه التسليم: _____
_____

☐ تم ترك نسخة منه في بيت المدعى عليه أو في مكان إقامته المعتاد مع شخص ذو سن ودراية معقولين مقيم فيه.
إسم الشخص الذي تم ترك الأوراق والإخطار معه: _____

☐ تمت إعادة الإخطار دون تسليمه: _____
_____
_____

☐ غير ذلك (اشرح): _____
_____
_____

## بيان مصاريف لإخطار

| المجموع | الخدمات | التنقل |
|---|---|---|
| | | |

## إقرار الشخص الذي سلم الإخطار

أقر تحت طائلة عقوبة الشهادة الزور تبعاً لقوانين الولايات المتحدة الأمريكية بأن المعلومات التي يحتويها نموذج بيان الإخطار وبيان مصاريف الإخطار صادقة وصحيحة.

الإقرار في: _____

_____
التاريخ

_____
توقيع الشخص الذي سلم الإخطار

_____
عنوان الشخص الذي سلم الإخطار

(1) لمعرفة من يحق له تسليم إخطار أنظر إلى القاعدة رقم 4 من القانون الفدرالي للإجراءات المدنية.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ZACHARY BAUMEL, by his next friend,

STUART DITCHEK, JONAH BAUMEL,

MIRIAM BAUMEL, OSNA BAUMEL and          **SUMMONS IN A CIVIL CASE**

SHIMON BAUMEL,

V.

SYRIAN ARAB REPUBLIC, BASHAR AL-

ASSAD, JOHN DOE #1, as representative of          CASE NUMBER   1:06CV00682

the Estate of HAFEZ AL-ASSAD, RIFAAT          JUDGE: Rosemary M. Collyer

ASSAD, FAROUQ AL-SHAARA, IMAD          CASE NU          DECK TYPE: General Civil

MOUSTAPHA, MOUSTAPHA TLAAS,          DATE STAMP: 04/14/2006

POPULAR FRONT FOR THE LIBERATION

OF PALESTINE, ACHMED JIBRIL, et al.
TO: (Name and address of Defendant)

BASHAR AL-ASSAD

c/o Embassy of Syria

2215 Wyoming Avenue, N.W.

Washington, D.C. 20008

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

*Thomas J. Luz*
Pearce & Luz LLP

1500 Broadway, 21st Floor

New York, NY 10036

(212) 221-8733

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON          APR 14 2006

CLERK          DATE

*Maureen Higgins*
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
　　　　　　　　　　　Date　　　　　　　　　　　Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**محكمة الولايات المتحدة الإقليمية
لمقاطعة كولومبيا**

| | |
|---|---|
| استدعاء لقضية مدنية | زاكري باومل، من خلال صديقه، ستيوارت ديتشك، جوناه باومل، ميريام باومل، أوسنا باومل، شيمون باومل، |
| رقم القضية: 1:06CV00682 | |
| القاضي: روزماري م. كولير | ضد، |
| نوع القضية: مدنية عامة | الجمهورية العربية السورية، بشار الأسد، جون دو رقم 1، كممثل لتركة حافظ الأسد، |
| تاريخ استلامها: 4/14/2006 | رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى طلاس، الجبهة الشعبية لتحرير فلسطين، أحمد جبريل، ومن معهم. |

إلى: (اسم وعنوان المدعى عليه)

بشار الأسد
بواسطة سفارة سوريا
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

**أنتم بموجب هذا مستدعون** ويجب عليكم أن ترسلوا إلى محامي المدعي (اسم وعنوان)

[بخط اليد] توماس جيه لوس
Pearce & Luz LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

رداً على هذه الدعوى التي تم إخطاركم بها عن طريق هذا الاستدعاء، خلال 30 يوماً من تاريخ استلامكم هذا الاستدعاء، دون احتساب يوم استلامه. إذا لم تقوموا بالرد، سيصدر حكم غيابي ضدكم بالإعانة المطلوبة في هذه الدعوى. أي رد ترسلونه إلى أطراف الدعوى يجب أن يرسل أيضاً إلى كاتب هذه المحكمة خلال فترة معقولة من تاريخ إرساله.

| | |
|---|---|
| 14 إبريل 2006 | Nancy M. Mayer-Whittington |
| التاريخ | كاتب المحكمة |
| | Maureen Higgins [بخط اليد] |
| | (عنه) نائب كاتب المحكمة |

AG440 (Rev. 8/01) Summons in a Civil Action

## بيان الإخطار

| | التاريخ | تم تسليم القضية والإخطار من قبلي أنا [1] |
|---|---|---|
| | مسماه الوظيفي | إسم الشخص الذي سلم الإخطار (بخط واضح) |

*علم على مربع واحد أدناه لتحدد طريقة الإخطار الملائمة*

☐ تم تسليم الإخطار شخصياً إلى المدعى عليه. المكان الذي تم فيه التسليم: _____
_____

☐ تم ترك نسخ منه في بيت المدعى عليه أو في مكان إقامته المعتاد مع شخص ذو سن ودراية معقولين مقيم فيه.
إسم الشخص الذي تم ترك الأوراق والإخطار معه: _____

☐ تمت إعادة الإخطار دون تسليمه: _____
_____
_____

☐ غير ذلك (اشرح): _____
_____
_____

## بيان مصاريف لإخطار

| | المجموع | الخدمات | التنقل |
|---|---|---|---|
| | | | |

## إقرار الشخص الذي سلم الإخطار

أقر تحت طائلة عقوبة الشهادة الزور تبعاً لقوانين الولايات المتحدة الأمريكية بأن المعلومات التي يحتويها نموذج بيان الإخطار وبيان مصاريف الإخطار صادقة وصحيحة.

الإقرار في: _____

_____     _____
توقيع الشخص الذي سلم الإخطار          التاريخ

_____
عنوان الشخص الذي سلم الإخطار

(1) لمعرفة من يحق له تسليم إخطار أنظر إلى القاعدة رقم 4 من القانون الفدرالي للإجراءات المدنية.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ZACHARY BAUMEL, by his next friend,

STUART DITCHEK, JONAH BAUMEL,

MIRIAM BAUMEL, OSNA BAUMEL and

SHIMON BAUMEL,

### SUMMONS IN A CIVIL CASE

V.

SYRIAN ARAB REPUBLIC, BASHAR AL-

ASSAD, JOHN DOE #1, as representative of

the Estate of HAFEZ AL-ASSAD, RIFAAT

ASSAD, FAROUQ AL-SHAARA, IMAD

MOUSTAPHA, MOUSTAPHA TLAAS,

POPULAR FRONT FOR THE LIBERATION

OF PALESTINE, ACHMED JIBRIL, et al.

CASE NUI

CASE NUMBER   1:06CV00682

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 04/14/2006

TO: (Name and address of Defendant)

ESTATE OF HAFEZ AL-ASSAD

c/o Embassy of Syria

2215 Wyoming Avenue, N.W.

Washington, D.C. 20008

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Pearce & Luz LLP

1500 Broadway, 21st Floor

New York, NY 10036

(212) 221-8733

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

APR 1 4 2006

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service.*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date

_____
*Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

<div dir="rtl">

**محكمة الولايات المتحدة الإقليمية**
**لمقاطعة كولومبيا**

| | |
|---|---|
| زاكري باومل، من خلال صديقه، ستيوارت ديتشك، جوناه باومل، ميريام باومل، أوسنا باومل، شيمون باومل، | استدعاء لقضية مدنية |
| | رقم القضية: 1:06CV00682 |
| ضد، | القاضي: روزماري م. كولير |
| الجمهورية العربية السورية، بشار الأسد، جون دو رقم 1، كممثل لتركة حافظ الأسد، رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى طلاس، الجبهة الشعبية لتحرير فلسطين، أحمد جبريل، ومن معهم. | نوع القضية: مدنية عامة |
| | تاريخ استلامها: 4/14/2006 |

إلى: (اسم وعنوان المدعى عليه)

تركة حافظ الأسد
بواسطة سفارة سوريا
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

**أنتم بموجب هذا مستدعون** ويجب عليكم أن ترسلوا إلى محامي المدعي (اسم وعنوان)

[بخط اليد] توماس جيه لوس
Pearce & Luz LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

ردا على هذه الدعوى التي تم إخطاركم بها عن طريق هذا الاستدعاء، خلال 30 يوماً من تاريخ استلامكم هذا الاستدعاء، دون احتساب يوم استلامه. إذا لم تقوموا بالرد، سيصدر حكم غيابي ضدكم بالإعانة المطلوبة في هذه الدعوى. أي رد ترسلونه إلى أطراف الدعوى يجب أن يرسل أيضاً إلى كاتب هذه المحكمة خلال فترة معقولة من تاريخ إرساله.

| | |
|---|---|
| 14 إبريل 2006 | Nancy M. Mayer-Whittington |
| التاريخ | كاتب المحكمة |
| | [بخط اليد] Maureen Higgins |
| | (عنه) نائب كاتب المحكمة |

</div>

AG440 (Rev. 8/01) Summons in a Civil Action

| بيان الإخطار | | |
|---|---|---|
| تم تسليم القضية والإخطار من قبلي أنا [1] | التاريخ | |
| إسم الشخص الذي سلم الإخطار (بخط واضح) | مسماه الوظيفي | |

*علم على مربع واحد أدناه لتحدد طريقة الإخطار الملائمة*

☐ تم تسليم الإخطار شخصياً إلى المدعى عليه. المكان الذي تم فيه التسليم: _____

☐ تم ترك نسخ منه في بيت المدعى عليه أو في مكان إقامته المعتاد مع شخص ذو سن ودراية معقولين مقيم فيه.
إسم الشخص الذي تم ترك الأوراق والإخطار معه: _____

☐ تمت إعادة الإخطار دون تسليمه: _____

☐ غير ذلك (اشرح): _____

| بيان مصاريف الإخطار | | |
|---|---|---|
| المجموع | الخدمات | التنقل |
| | | |

| إقرار الشخص الذي سلم الإخطار |
|---|

أقر تحت طائلة عقوبة الشهادة الزور تبعاً لقوانين الولايات المتحدة الأمريكية بأن المعلومات التي يحتويها نموذج بيان الإخطار وبيان مصاريف الإخطار صادقة وصحيحة.

الإقرار في: _____

التاريخ _____     توقيع الشخص الذي سلم الإخطار _____

عنوان الشخص الذي سلم الإخطار _____

(1) لمعرفة من يحق له تسليم إخطار أنظر إلى القاعدة رقم 4 من القانون الفدرالي للإجراءات المدنية.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ZACHARY BAUMEL, by his next friend,

STUART DITCHEK, JONAH BAUMEL,

MIRIAM BAUMEL, OSNA BAUMEL and

SHIMON BAUMEL,                                            **SUMMONS IN A CIVIL CASE**

             V.

SYRIAN ARAB REPUBLIC, BASHAR AL-

ASSAD, JOHN DOE #1, as representative of        CASE NUMBER  1:06CV00682

the Estate of HAFEZ AL-ASSAD, RIFAAT        JUDGE: Rosemary M. Collyer

ASSAD, FAROUQ AL-SHAARA, IMAD                 CASE N    DECK TYPE: General Civil

MOUSTAPHA, MOUSTAPHA TLAAS,                       DATE STAMP: 04/14/2006

POPULAR FRONT FOR THE LIBERATION

OF PALESTINE, ACHMED JIBRIL, et al.
         TO: (Name and address of Defendant)

RIFAAT ASSAD

c/o Embassy of Syria

2215 Wyoming Avenue, N.W.

Washington, D.C. 20008

     **YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

*THOMAS J. Luz*
Pearce & Luz LLP

1500 Broadway, 21st Floor

New York, NY 10036

(212) 221-8733

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON      APR 14 2006

CLERK                        DATE

*Maureen Higgins*
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me<sup>(1)</sup> | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                  *Date*              *Signature of Server*

_____
                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

<div dir="rtl">

**محكمة الولايات المتحدة الإقليمية**
**لمقاطعة كولومبيا**

| | |
|---|---|
| استدعاء لقضية مدنية | زاكري باومل، من خلال صديقه، ستيوارت ديتشك، جوناه باومل، ميريام باومل، أوسنا باومل، شيمون باومل، |
| رقم القضية: 1:06CV00682 | |
| القاضي: روزماري م. كولير | ضد، |
| نوع القضية: مدنية عامة | الجمهورية العربية السورية، بشار الأسد، جون دو رقم 1، كممثل لتركة حافظ الأسد، رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى طلاس، الجبهة الشعبية لتحرير فلسطين، أحمد جبريل، ومن معهم. |
| تاريخ استلامها: 4/14/2006 | |

إلى: (اسم وعنوان المدعى عليه)

رفعت الأسد
بواسطة سفارة سوريا
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

**أنتم بموجب هذا مستدعون** ويجب عليكم أن ترسلوا إلى محامي المدعي (اسم وعنوان)

[بخط اليد] توماس جيه لوس
Pearce & Luz LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

رداً على هذه الدعوى التي تم إخطاركم بها عن طريق هذا الاستدعاء، خلال 30 يوماً من تاريخ استلامكم هذا الاستدعاء، دون احتساب يوم استلامه. إذا لم تقوموا بالرد، سيصدر حكم غيابي ضدكم بالإعانة المطلوبة في هذه الدعوى. أي رد ترسلونه إلى أطراف الدعوى يجب أن يرسل أيضاً إلى كاتب هذه المحكمة خلال فترة معقولة من تاريخ إرساله.

</div>

| | |
|---|---|
| Nancy M. Mayer-Whittington | 14 إبريل 2006 |
| كاتب المحكمة | التاريخ |

[بخط اليد] Maureen Higgins
(عنه) نائب كاتب المحكمة

AG440 (Rev. 8/01) Summons in a Civil Action

## بيان الإخطار

| تم تسليم القضية والإخطار من قِبلي أنا [1] | | التاريخ | |
| إسم الشخص الذي سلم الإخطار (بخط واضح) | | مسماه الوظيفي | |

*علم على مربع واحد أدناه لتحدد طريقة الإخطار الملائمة*

☐ تم تسليم الإخطار شخصياً إلى المدعى عليه. المكان الذي تم فيه التسليم: _____
_____

☐ تم ترك نسخ منه في بيت المدعى عليه أو في مكان إقامته المعتاد مع شخص ذو سن ودراية معقولين مقيم فيه.
إسم الشخص الذي تم ترك الأوراق والإخطار معه: _____

☐ تمت إعادة الإخطار دون تسليمه: _____
_____
_____

☐ غير ذلك (اشرح): _____
_____
_____
_____

## بيان مصاريف لإخطار

| التنقل | | الخدمات | | المجموع | |

## إقرار الشخص الذي سلم الإخطار

أقر تحت طائلة عقوبة الشهادة الزور تبعاً لقوانين الولايات المتحدة الأمريكية بأن المعلومات التي يحتويها نموذج بيان الإخطار وبيان مصاريف الإخطار صادقة وصحيحة.

الإقرار في: _____

التاريخ _____          توقيع الشخص الذي سلم الإخطار _____

عنوان الشخص الذي سلم الإخطار _____

[1] لمعرفة من يحق له تسليم إخطار أنظر إلى القاعدة رقم 4 من القانون الفدرالي للإجراءات المدنية.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ZACHARY BAUMEL, by his next friend,

STUART DITCHEK, JONAH BAUMEL,

MIRIAM BAUMEL, OSNA BAUMEL and

SHIMON BAUMEL,                                          **SUMMONS IN A CIVIL CASE**

V.

SYRIAN ARAB REPUBLIC, BASHAR AL-

ASSAD, JOHN DOE #1, as representative of

the Estate of HAFEZ AL-ASSAD, RIFAAT          CA          CASE NUMBER  1:06CV00682

ASSAD, FAROUQ AL-SHAARA, IMAD                              JUDGE: Rosemary M. Collyer

MOUSTAPHA, MOUSTAPHA TLAAS,                                DECK TYPE: General Civil

POPULAR FRONT FOR THE LIBERATION                          DATE STAMP: 04/14/2006

OF PALESTINE, ACHMED JIBRIL, et al.
　　　　　　　　TO: (Name and address of Defendant)

FAROUQ AL-SHAARA

c/o Embassy of Syria

2215 Wyoming Avenue, N.W.

Washington, D.C. 20008

　　　**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Pearce & Luz LLP

1500 Broadway, 21st Floor

New York, NY 10036

(212) 221-8733

an answer to the complaint which is served on you with this summons, within _____2_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON                    APR 14 2006

CLERK                                                         DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
            Date                         *Signature of Server*

                                         _____
                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

<div dir="rtl">

## محكمة الولايات المتحدة الإقليمية
## لمقاطعة كولومبيا

| | |
|---|---|
| زاكري باومل، من خلال صديقه، ستيوارت ديتشك، جوناه باومل، ميرياه باومل، أوسنا باومل، شيمون باومل، | استدعاء لقضية مدنية |
| | رقم القضية: 1:06CV00682 |
| ضد، | القاضي: روزماري م. كولير |
| الجمهورية العربية السورية، بشار الأسد، جون دو رقم 1، كممثل لتركة حافظ الأسد، رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى طلاس، الجبهة الشعبية لتحرير فلسطين، أحمد جبريل، ومن معهم. | نوع القضية: مدنية عامة |
| | تاريخ استلامها: 4/14/2006 |

إلى: (اسم وعنوان المدعى عليه)

فاروق الشرع
بواسطة سفارة سوريا
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

**أنتم بموجب هذا مستدعون** ويجب عليكم أن ترسلوا إلى محامي المدعي (اسم وعنوان)

[بخط اليد] توماس جيه لوس
Pearce & Luz LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

ردا على هذه الدعوى التي تم إخطاركم بها عن طريق هذا الاستدعاء، خلال 30 يوماً من تاريخ استلامكم هذا الاستدعاء، دون احتساب يوم استلامه. إذا لم تقوموا بالرد، سيصدر حكم غيابي ضدكم بالإعانة المطلوبة في هذه الدعوى. أي رد ترسلونه إلى أطراف الدعوى يجب أن يرسل أيضاً إلى كاتب هذه المحكمة خلال فترة معقولة من تاريخ إرساله.

| | |
|---|---|
| 14  إبريل 2006 | Nancy M. Mayer-Whittington |
| التاريخ | كاتب المحكمة |
| | Maureen Higgins [بخط اليد] |
| | (عنه) نائب كاتب المحكمة |

</div>

AG440 (Rev. 8/01) Summons in a Civil Action

| بيان الإخطار | | |
|---|---|---|
| تم تسليم القضية والإخطار من قبلي أنا [1] | | |
| التاريخ | | |
| إسم الشخص الذي سلم الإخطار (بخط واضح) | | مسماه الوظيفي |

*علم على مربع واحد أدناه لتحدد طريقة الإخطار الملائمة*

☐ تم تسليم الإخطار شخصياً إلى المدعى عليه. المكان الذي تم فيه التسليم: _____
_____

☐ تم ترك نسخ منه في بيت المدعى عليه أو في مكان إقامته المعتاد مع شخص ذو سن ودراية معقولين مقيم فيه.
إسم الشخص الذي تم ترك الأوراق والإخطار معه: _____

☐ تمت إعادة الإخطار دون تسليمه: _____
_____
_____

☐ غير ذلك (اشرح): _____
_____
_____

| بيان مصاريف لإخطار | | |
|---|---|---|
| التنقل | الخدمات | المجموع |
| | | |

**إقرار الشخص الذي سلم الإخطار**

أقر تحت طائلة عقوبة الشهادة الزور تبعاً لقوانين الولايات المتحدة الأمريكية بأن المعلومات التي يحتويها نموذج بيان الإخطار وبيان مصاريف الإخطار صادقة وصحيحة.

الإقرار في: _____

التاريخ _____    توقيع الشخص الذي سلم الإخطار _____

عنوان الشخص الذي سلم الإخطار _____

(1) لمعرفة من يحق له تسليم إخطار أنظر إلى القاعدة رقم 4 من القانون الفدرالي للإجراءات المدنية.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ZACHARY BAUMEL, by his next friend,

STUART DITCHEK, JONAH BAUMEL,

MIRIAM BAUMEL, OSNA BAUMEL and

SHIMON BAUMEL,

**SUMMONS IN A CIVIL CASE**

V.

SYRIAN ARAB REPUBLIC, BASHAR AL-

ASSAD, JOHN DOE #1, as representative of

the Estate of HAFEZ AL-ASSAD, RIFAAT

CASE

ASSAD, FAROUQ AL-SHAARA, IMAD-

MOUSTAPHA, MOUSTAPHA TLAAS,

POPULAR FRONT FOR THE LIBERATION

OF PALESTINE, ACHMED JIBRIL, et al.

TO: (Name and address of Defendant)

CASE NUMBER  1:06CV00682

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 04/14/2006

IMAD MOUSTAPHA

c/o Embassy of Syria

2215 Wyoming Avenue, N.W.

Washington, D.C. 20008

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Thomas J. Luz

Pearce & Luz LLP

1500 Broadway, 21st Floor

New York, NY 10036

(212) 221-8733

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

APR 14 2006

DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
　　　　　　　　　　　Date　　　　　　　　　　　　Signature of Server


_____
Address of Server

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

<div dir="rtl">

**محكمة الولايات المتحدة الإقليمية**
**لمقاطعة كولومبيا**

| | |
|---|---|
| زاكري باومل، من خلال صديقه، ستيوارت ديتشك، جوناه باومل، ميريام باومل، أوسنا باومل، شيمون باومل، | استدعاء لقضية مدنية |
| | رقم القضية: 1:06CV00682 |
| ضد، | القاضي: روزماري م. كولير |
| الجمهورية العربية السورية، بشار الأسد، جون دو رقم 1، كممثل لتركة حافظ الأسد، رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى طلاس، الجبهة الشعبية لتحرير فلسطين، أحمد جبريل، ومن معهم. | نوع القضية: مدنية عامة |
| | تاريخ استلامها: 4/14/2006 |

إلى: (اسم وعنوان المدعى عليه)

عماد مصطفى
بواسطة سفارة سوريا
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

**أنتم بموجب هذا مستدعون** ويجب عليكم أن ترسلوا إلى محامي المدعي (اسم وعنوان)

[بخط اليد] توماس جيه لوس
Pearce & Luz LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

رداً على هذه الدعوى التي تم إخطاركم بها عن طريق هذا الاستدعاء، خلال 30 يوماً من تاريخ استلامكم هذا الاستدعاء، دون احتساب يوم استلامه. إذا لم تقوموا بالرد، سيصدر حكم غيابي ضدكم بالإعانة المطلوبة في هذه الدعوى. أي رد ترسلونه إلى أطراف الدعوى يجب أن يرسل أيضاً إلى كاتب هذه المحكمة خلال فترة معقولة من تاريخ إرساله.

| | |
|---|---|
| Nancy M. Mayer-Whittington | 14  إبريل  2006 |
| كاتب المحكمة | التاريخ |

Maureen Higgins [بخط اليد]
(عنه) نائب كاتب المحكمة

</div>

AG440 (Rev. 8/01) Summons in a Civil Action

## بيان الإخطار

| | التاريخ | تم تسليم القضية والإخطار من قبلي أنا (1) |
|---|---|---|
| | مسماه الوظيفي | إسم الشخص الذي سلم الإخطار (بخط واضح) |

*علم على مربع واحد أدناه لتحدد طريقة الإخطار الملائمة*

☐ تم تسليم الإخطار شخصياً إلى المدعى عليه. المكان الذي تم فيه التسليم: _____
_____

☐ تم ترك نسخ منه في بيت المدعى عليه أو في مكان إقامته المعتاد مع شخص ذو سن ودراية معقولين مقيم فيه.
إسم الشخص الذي تم ترك الأوراق والإخطار معه: _____

☐ تمت إعادة الإخطار دون تسليمه: _____
_____
_____

☐ غير ذلك (اشرح): _____
_____
_____

## بيان مصاريف الإخطار

| المجموع | الخدمات | التنقل |
|---|---|---|
| | | |

## إقرار الشخص الذي سلم الإخطار

أقر تحت طائلة عقوبة الشهادة الزور تبعاً لقوانين الولايات المتحدة الأمريكية بأن المعلومات التي يحتويها نموذج بيان الإخطار وبيان مصاريف الإخطار صادقة وصحيحة.

الإقرار في: _____

_____          _____
توقيع الشخص الذي سلم الإخطار              التاريخ

_____
عنوان الشخص الذي سلم الإخطار

(1) لمعرفة من يحق له تسليم إخطار أنظر إلى القاعدة رقم 4 من القانون الفدرالي للإجراءات المدنية.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ZACHARY BAUMEL, by his next friend,

STUART DITCHEK, JONAH BAUMEL,

MIRIAM BAUMEL, OSNA BAUMEL and

SHIMON BAUMEL,

            V.

SYRIAN ARAB REPUBLIC, BASHAR AL-

ASSAD, JOHN DOE #1, as representative of

the Estate of HAFEZ AL-ASSAD, RIFAAT

ASSAD, FAROUQ AL-SHAARA, IMAD

MOUSTAPHA, MOUSTAPHA TLAAS,

POPULAR FRONT FOR THE LIBERATION

OF PALESTINE, ACHMED JIBRIL, et al.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER   1:06CV00682

JUDGE: Rosemary M. Collyer

CASE

DECK TYPE: General Civil

DATE STAMP: 04/14/2006

TO: (Name and address of Defendant)

MOUSTAPHA TLAAS

c/o Embassy of Syria

2215 Wyoming Avenue, N.W.

Washington, D.C. 20008

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

THOMAS J. LUZ

Pearce & Luz LLP

1500 Broadway, 21st Floor

New York, NY 10036

(212) 221-8733

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

APR 14 2006

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                    *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

<div dir="rtl">

محكمة الولايات المتحدة الإقليمية
لمقاطعة كولومبيا

| | |
|---|---|
| استدعاء لقضية مدنية | زاكري باومل، من خلال صديقه، ستيوارت ديتشك، جوناه باومل، ميريام باومل، أوسنا باومل، شيمون باومل، |
| رقم القضية: 1:06CV00682 | |
| القاضي: روزماري م. كولير | ضد، |
| نوع القضية: مدنية عامة | الجمهورية العربية السورية، بشار الأسد، جون دو رقم 1، كممثل لتركة حافظ الأسد، رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى طلاس، الجبهة الشعبية لتحرير فلسطين، أحمد جبريل، ومن معهم. |
| تاريخ استلامكم: 4/14/2006 | |

إلى: (اسم وعنوان المدعى عليه)

مصطفى طلاس
بواسطة سفارة سوريا
2215 Wyoming Avenue, N.W.
Washington, D.C. 20008

**أنتم بموجب هذا مستدعون** ويجب عليكم أن ترسلوا إلى محامي المدعي (اسم وعنوان)

[بخط اليد] توماس جيه لوس
Pearce & Luz LLP
1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

رداً على هذه الدعوى التي تم إخطاركم بها عن طريق هذا الاستدعاء، خلال 30 يوماً من تاريخ استلامكم هذا الاستدعاء، دون احتساب يوم استلامه. إذا لم تقوموا بالرد، سيصدر حكم غيابي ضدكم بالإعانة المطلوبة في هذه الدعوى. أي رد ترسلونه إلى أطراف الدعوى يجب أن يرسل أيضاً إلى كاتب هذه المحكمة خلال فترة معقولة من تاريخ إرساله.

</div>

| | |
|---|---|
| Nancy M. Mayer-Whittington | 14  إبريل 2006 |
| كاتب المحكمة | التاريخ |

[بخط اليد] Maureen Higgins
(عنه) نائب كاتب المحكمة

AG440 (Rev. 8/01) Summons in a Civil Action

| بيان الإخطار | |
|---|---|
| تم تسليم القضية والإخطار من قِبلي أنا (1) | التاريخ |
| إسم الشخص الذي سلم الإخطار (بخط واضح) | مسماه الوظيفي |

*علم على مربع واحد أدناه لتحدد طريقة الإخطار الملائمة*

☐ تم تسليم الإخطار شخصياً إلى المدعى عليه. المكان الذي تم فيه التسليم: _____
_____

☐ تم ترك نسخة منه في بيت المدعى عليه أو في مكان إقامته المعتاد مع شخص ذو سن ودراية معقولين مقيم فيه.
إسم الشخص الذي تم ترك الأوراق والإخطار معه: _____

☐ تمت إعادة الإخطار دون تسليمه: _____
_____
_____

☐ غير ذلك (اشرح): _____
_____
_____

| بيان مصاريف الإخطار | | |
|---|---|---|
| التنقل | الخدمات | المجموع |

| إقرار الشخص الذي سلم الإخطار |
|---|

أقر تحت طائلة عقوبة الشهادة الزور تبعاً لقوانين الولايات المتحدة الأمريكية بأن المعلومات التي يحتويها نموذج بيان الإخطار وبيان مصاريف الإخطار صادقة وصحيحة.

الإقرار في: _____

التاريخ _____                    توقيع الشخص الذي سلم الإخطار _____

_____                    عنوان الشخص الذي سلم الإخطار _____

(1) لمعرفة من يحق له تسليم إخطار أنظر إلى القاعدة رقم 4 من القانون الفدرالي للإجراءات المدنية.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZACHARY BAUMEL, by his next friend, ) <br> STUART DITCHEK, JONAH BAUMEL, ) <br> MIRIAM BAUMEL, OSNA BAUMEL and ) <br> SHIMON BAUMEL , ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SYRIAN ARAB REPUBLIC, BASHAR ) <br> AL-ASSAD, JOHN DOE # 1, AS ) <br> REPRESENTATIVE OF THE ESTATE OF ) <br> HAFEZ AL-ASSAD, RIFAAT ASSAD, ) <br> FAROUQ AL-SHAARA, IMAD ) <br> MOUSTAPHA, MOUSTAPHA TLAAS, ) <br> POPULAR FRONT FOR THE ) <br> LIBERATION OF PALESTINE, ACHMED ) <br> JIBRIL ) <br> ) <br> And ) <br> ) <br> JOHN & JANE DOES 2-99, ) <br> ) <br> Defendants. ) | Civil Action No. <br> <br> **COMPLAINT FOR COMPEN-** <br> **SATORY AND PUNITIVE DAMAGES** <br> **PURSUANT TO THE FOREIGN** <br> **SOVEREIGN IMMUNITIES ACT** |

Plaintiffs ZACHARY BAUMEL, by his next friend, STUART DITCHEK, JONAH

BAUMEL, MIRIAM BAUMEL, OSNA BAUMEL and SHIMON BAUMEL, by and through

counsel, bring this action seeking damages arising out of the kidnapping and twenty-three year

captivity of ZACHARY BAUMEL in Lebanon and Syria.   Plaintiffs seek judgment against

Defendants SYRIAN ARAB REPUBLIC, BASHAR AL-ASSAD, ESTATE OF HAFEZ ASSAD,

RIFAAT ASSAD, FAROUQ AL-SHAARA, IMAD MOUSTAPHA, MOUSTAPHA TLAAS,

PALISTINIAN FRONT FOR THE LIBERATION OF PALESTINE, ACHMED JIBRIL and JOHN

& JANE DOES 2-99, jointly and severally, and in support of their Complaint allege as follows:

# I.

## JURISDICTION AND VENUE

1.    Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a) and 1331. Defendant SYRIAN ARAB REPUBLIC ("SYRIA") is subject to suit in the Courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7), and related statutes. Defendants BASHAR AL-ASSAD, President of the SYRIAN ARAB REPUBLIC, JOHN DOE #1, AS REPRESENTATIVE OF THE ESTATE OF HAFEZ AL-ASSAD, RIFAAT ASSAD, FAROUQ AL-SHAARA, IMAD MOUSTAPHA, MOUSTAPHA TLAAS, POPULAR FRONT FOR THE LIBERATION OF PALESTINE, ACHMED JIBRIL and JOHN & JANE DOES 2-99, are subject to suit in the Courts of the United States pursuant to 28 U.S.C. § 1605(a)(7), and related statutes.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

# II

## THE PARTIES

3.    Plaintiff ZACHARY BAUMEL ("ZAK") is currently held by defendants at an unknown location in SYRIA or Lebanon. Prior to his imprisonment, he was a resident of the State New York. ZAK relocated to Israel in 1970. ZAK is, and at the time of the incidents alleged in this Complaint was, a U.S. Citizen. ZAK and his family are victims of "torture" as defined in § 3 of the Torture Victims Protection Act of 1991 (28 U.S.C. § 1350 note), pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605(e)(1). ZAK is, and was, a victim of "hostage taking" as defined in Article 1 of the International Convention Against the Taking of Hostages, pursuant to 28 U.S.C. §§ 1605 (a)(7)

and 1605(e)(1). He has suffered and continues to suffer "personal injury" as the result of Defendants' wrongful actions and activities as defined in 28 U.S.C. §§ 1605(a)(7).

4. Plaintiffs JONAH BAUMEL and MIRIAM BAUMEL, husband and wife, are residents and domiciliaries of the State of Israel, are U.S. Citizens, and are the parents of ZAK.

5. Plaintiffs OSNA BAUMEL and SHIMON BAUMEL are residents and domiciliaries of the State of Israel, are U.S. Citizens, and are the siblings of ZAK.

6. Plaintiff STUART DITCHEK is a U.S. Citizen and a resident of Kings County, New York. Dr. DITCHEK is the next friend of ZAK, having known him and been his close friend from their early childhood. Dr. DITCHEK attended school with ZAK until he emigrated to Israel in 1970. Dr. DITCHEK maintained contact and friendship with ZAK until ZAK's capture, and with ZAK's family to this day.

7. Dr. DITCHEK has engaged in prolonged efforts, with the support and consent of ZAK's family, on ZAK's behalf, has engaged in contacts with governments and representatives of the parties responsible for the holding of ZAK, and has set up and maintained a website devoted to securing freedom and an accounting for ZAK.

8. Because of the capture and continued captivity of ZAK, which form the basis of this action, Dr. DITCHEK brings this action on behalf of ZAK, as his next friend, for relief under the Foreign Sovereign Immunities Act.

9. Defendant SYRIA is a foreign state that, since 1979, has been designated by the U.S. government as a state sponsor of terrorism pursuant to § 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 24050) and § 620A of the Foreign Assistant Act of 1961 (22 U.S.C. § 2371). SYRIA provides material support and resources to defendant the POPULAR FRONT FOR

3

THE LIBERATION OF PALESTINE and other organizations designated as terrorist organizations within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, by providing them with funding, direction and training for terrorist activities in the Middle East.

10.    Defendant BASHAR AL-ASSAD ("ASSAD") is the President of SYRIA and he, as well as his predecessor, HAFEZ AL-ASSAD (ASSAD's father and the former President of SYRIA), performed acts within the scope of his office by assisting, coordinating and directing acts of terrorism, including the actions relating to ZAK's kidnapping, holding as a hostage and continued captivity. ASSAD has acted as an agent of SYRIA, performed acts within the scope of his agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note. Defendant ASSAD and his predecessor have been personally responsible for the acts and omissions of all of the defendants herein.

11.    Defendant FAROUQ AL-SHAARA was the Foreign Minister of SYRIA and performed acts within the scope of his office by assisting, coordinating and directing acts of terrorism, including the actions relating to ZAK's kidnapping, holding as a hostage and captivity. FAROUQ AL-SHAARA acted as an agent of SYRIA, performed acts within the scope of his agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note.

12.    Defendant IMAD MOUSTAPHA is the present Foreign Minister of SYRIA and performed acts within the scope of his office by assisting, coordinating and directing acts of terrorism, including the actions relating to ZAK's kidnapping, holding as a hostage and captivity. IMAD MOUSTAPHA acted as an agent of SYRIA, performed acts within the scope of his agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note.

13.    Defendant MOUSTAPHA TLAAS is the former Defense Minister of SYRIA

4

and performed acts within the scope of his office by assisting, coordinating and directing acts of terrorism, including the actions relating to ZAK's kidnapping, holding as a hostage and captivity. MOUSTAPHA TLAAS acted as an agent of SYRIA, performed acts within the scope of his agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note.

14.    At all relevant times until his death on June 10, 2000, defendant HAFEZ AL-ASSAD ("HAFEZ") was the President of SYRIA.

15.    Defendant "JOHN DOE #1" is the personal representative of the Estate of HAFEZ. The name "JOHN DOE #1" is fictitious, the person intended being the actual person appointed or qualified under the law of his domicile to administer the goods, wares, choses in action and the property of HAFEZ.

16.    Defendant RIFAAT ASSAD ("RIFAAT") is the brother of HAFEZ, is a former high-ranking member of the Syrian military and performed acts within the scope of his office by assisting, coordinating and directing acts of terrorism, including the actions relating to ZAK's kidnapping, holding as a hostage and captivity. RIFAAT acted as an agent of SYRIA, performed acts within the scope of his agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note.

17.    On information and belief, defendant the POPULAR FRONT FOR LIBERATION OF PALESTINE ("POPULAR FRONT") is an unincorporated association, or another entity the form and nature of which are unknown, that operates in Syria, Lebanon, and the territories controlled by the Palestinian Authority that has been designated by the U.S. government as a state sponsor of terrorism pursuant to § 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 24050) and § 620A of the Foreign Assistant Act of 1961 (22 U.S.C. § 2371).

18.    Defendant ACHMED JIBRIL is, on information and belief, a resident of Lebanon and the leader of the POPULAR FRONT.

19.    Defendants JOHN DOES 2-99 are other officials, employees, and agents of SYRIA or others of the defendants, including the POPULAR FRONT, whose identities are presently unknown, who performed acts that resulted in acts of terrorism, including the actions relating to ZAK's kidnapping, holding as a hostage, torture and captivity. Defendants JOHN DOES 2-99, acting as agents of SYRIA and all the other defendants, performed acts within the scope of their agencies, within the meaning of 28 U.S.C. § 1605 (a)(7) and 28 U.S.C. § 1605 note.

## III

## FACTS

20.    On June 11, 1982, while serving in the Israeli Defense Forces Armored Corps in Southern Lebanon, ZAK was captured by a unit of the Syrian Army or a Palestinian Group loyal to SYRIA.

21.    ZAK was taken to Damascus as a hostage by the Syrian Army, where he was displayed as a trophy of war, along with his tank and other persons captured with him, in a 'Victory parade.' ZAK and his fellow captives were subjected to shame and humiliation, their tank on a flatbed truck driven through the streets, all in violation of law.

22.    Although appearing at the time to be reasonably healthy given the circumstances, and notwithstanding repeated attempts to secure information from defendants who have completely denied access to him, ZAK has not been seen by representatives of Israel, the United States Red Cross or his family since.

23.    Neither the Governments of the United States or Israel nor news agencies nor

6

the International Committee for the Red Cross ("ICRC") have been given access to ZAK.

24.     Thereafter, defendants claimed that ZAK had died and they had buried his body with those of other captured Israeli soldiers in the Jewish cemetery in Damascus.

25.     Thereafter, with the permission of SYRIA, the ICRC assisted in the exhumation of four bodies, which SYRIA claimed were the bodies of the missing Israeli soldiers, from the Damascus Jewish cemetery.

26.     Forensic analysis of the bodies so exhumed indicated that only one was the body of an Israeli soldier, one Zohar Lipschitz. The other bodies were of Arabs.

27.     When confronted with this deception, HAFEZ and his representatives remarked that they had returned "the bodies of dogs."

28.     HAFEZ, during his tenure as President and until his death, personally, directly and in his capacity as President of SYRIA, formulated the policies and directed the actions which resulted in the holding of ZAK.

29.     The actions of HAFEZ were beyond the norms of civilized society and human decency.

30.     As such, HAFEZ, through his Estate, can make no claim to immunity and his Estate, by his personal representative, is responsible for all the damages caused by HAFEZ's actions.

31.     Upon information and belief, the tank and the prisoners were taken to Damascus and were stationed in front of the military offices of defendant RIFAAT, who appeared to be directing the Syrian troops on that occasion and encouraging the taunting and mistreatment of the prisoners.

32.     As a result of his incarceration, ZAK has been wrongfully held for 8,706 days

7

as of the date of this Complaint.

33.    Upon information and belief, ZAK has been: immobilized; blindfolded; held in various and different places for months; transported from location to location; shackled; left in a constant state of disorientation and fear for his life; kept in solitary confinement; confined in cramped, airless rooms, permitted little or no exercise; given only minimal and infrequent access to toilet facilities; fed an unbalanced, monotonous and inadequate diet; physically abused; beaten with fists, guns and sticks; and subjected to verbal abuse, taunts and humiliation, all by defendants.

34.    In addition, upon information and belief, ZAK has been threatened with death by his captors, denied proper medical attention and medication, denied contact with the outside world, including his family, friends and colleagues, and forced to endure severe physical discomfort, injury, mental anguish, depression, humiliation, anxiety, and pain and suffering.

35.    Upon information and belief, while so held, ZAK has been deprived of educational and employment opportunities and advancement, and has been unable to provide financially for his family during his captivity.

36.    Upon information and belief, in addition, ZAK has been deprived of the opportunity to socialize, meet and engage in social contact with people of his age for the purpose social interchange and prospects of marriage and concerning the creation and raising of his own family.

37.    ZAK's captors and those who continue to hold him are and were agents, (a) of the Government of SYRIA, and (b) of all of the defendants who each acted with respect to his captivity and imprisonment and contributed thereto.

38.    In addition, ZAK has been held at times by the POPULAR FRONT, which,

8

upon information and belief, inflicted on ZAK harms similar to those described in ¶ 33. ACHMED JIBRIL, individually and in his capacity as leader of the POPULAR FRONT, directed the POPULAR FRONT's infliction of those harms on ZAK.

39.     At all relevant times, SYRIA, POPULAR FRONT, ASSAD, HAFEZ, FAROUQ AL-SHAARA, IMAD MOUSTAPHA, MOUSTAPHA TLASS, ACHMED JIBRIL and JOHN DOES 1-99 provided materials, resources and support in the form of funding, training and direction to ZAK's captors.

40.     All of the named defendants were acting within the scope of their agencies, offices and employment.

## COUNT I

### BATTERY

41.     Plaintiffs repeat paragraphs 1 through 40.

42.     On July 11, 1982, SYRIA and/or Palestinians under Syrian control, willfully, violently and forcefully seized and abducted ZAK at gunpoint and against his will in Southern Lebanon.

43.     Upon information and belief, since that date, ZAK has been beaten with fists, guns, sticks and other objects by agents of SYRIA, the POPULAR FRONT, and the named Defendants.

44.     Upon information and belief, as a result of his forceful abduction and of beatings with fists, guns, sticks and other objects, which took place during his captivity, ZAK has suffered severe and permanent injuries.

45.     Upon information and belief, thereafter and at various times during his

prolonged captivity, ZAK has been held by defendant the POPULAR FRONT and ACHMED JIBRIL, its leader, or other Palestinian groups under the control of SYRIA, and subjected to the severe conditions set forth herein throughout the term of his captivity.

46.     Upon information and belief, as a direct and proximate result of these acts, ZAK has been severely injured.

<div align="center">

**COUNT II**

**ASSAULT**

</div>

47.     Plaintiffs repeat paragraphs 1 through 46.

48.     Upon information and belief, SYRIA, the POPULAR FRONT and the named defendants, individually or through their agents, subjected ZAK to constant threats to harm or kill him, together with incidents of actual physical abuse.

49.     Upon information and belief, during the time ZAK has been held in captivity by defendants, SYRIA, the POPULAR FRONT and the named defendants, individually or through their agents, put ZAK in unreasonable fear and apprehension of harm as a direct result of defendants' constant threats to harm or kill him, together with incidents of actual physical abuse.

50.     As a direct and proximate result of the willful, wrongful and intentional acts of defendants, ZAK has been injured in that he endured extreme mental anguish, physical injury and pain and suffering.

51.     Upon information and belief, such extreme injury will continue for the balance of his life after his release and will shorten his life.

<div align="center">

10

</div>

## COUNT III

### FALSE IMPRISONMENT

52.     Plaintiffs repeat paragraphs 1 through 51.

53.     For a period of 8,706 days, or precisely twenty-three years, ten months and one day, to the date of this Complaint, and continuing until his release, ZAK has been, and continues to be, held in captivity against his will by defendants.

54.     Upon information and belief, during ZAK's captivity, ZAK has been deprived of his freedom and liberty and has had no means of escape.

55.     Upon information and belief, as a direct and proximate result of the willful, wrongful, intentional and reckless acts of defendants, ZAK has been injured in that he has endured extreme mental anguish and pain and suffering, has been deprived of employment, loss of opportunities for advancement, the company of his family, and has been subjected to intense physical injury, discomfort and inconvenience.

## COUNT IV

### ECONOMIC DAMAGES

56.     Plaintiffs repeat paragraphs 1 through 55.

57.     As a direct and proximate result of the willful, wrongful, intentional and reckless acts of defendants, ZAK incurred economic damages in that he was deprived of education, employment and opportunities of advancement while held hostage and deprived of future employment opportunities after his release.

11

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.    Plaintiffs repeat paragraphs 1 through 57.

59.    The acts of abducting ZAK and holding him captive and as a hostage constitute extreme and outrageous conduct by defendants beyond any norms of civil society.

60.    As a direct and proximate result of the willful, wrongful, intentional and reckless acts of defendants, plaintiffs have been caused to suffer severe emotional distress.

## COUNT VI

### LOSS OF SOLATIUM

61.    Plaintiffs repeat paragraphs 1 through 60.

62.    As a direct and proximate result of the willful, wrongful, intentional and reckless acts of defendants, Plaintiffs have suffered extreme mental anguish, emotional pain and suffering, and the loss of the society and companionship of ZAK while he has been held in captivity and to the date of his release.

63.    As a direct and proximate result of the willful, wrongful, intentional and reckless acts of defendants, ZAK has suffered extreme mental anguish, emotional pain and suffering and the loss of society, companionship of other members of his family and next friend, including the Plaintiffs.

## COUNT VII

### PUNITIVE DAMAGES

64.    Plaintiffs repeat paragraphs 1 through 63.

65.    The actions of SYRIA and the POPULAR FRONT, who jointly and severally

kidnapped ZAK and have held him hostage for over of twenty-three years, were intentional and malicious and were in willful, wanton and reckless disregard of ZAK's rights.

66.    Each of the named defendants was acting within the scope of his with SYRIA or the POPULAR FRONT.

67.    Pursuant to § 589 of the 1997 Omnibus Consolidated Appropriations Act, P.L. 104-209, Div. A., Title 1 § 101(c) (September 30, 1996), 110 Stat. 3009-172 reprinted at 28 U.S.C. § 1605 note, which specifically authorizes a cause of action for punitive damages in civil actions for money damages resulting from terrorist acts, all of the defendants are liable for punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against defendants on Counts I through Count VII, and grant plaintiffs:

A.    Compensatory damages against all defendants, jointly and severally, in the following amounts:

1.    $ 100,000,000.00 on the First Count;

2.    $ 100,000,000.00 on the Second Count;

3.    $ 180,000,000.00 on the Third Count;

4.    $ 100,000,000.00 on the Fourth Count;

5.    $ 25,000,000.00 on The Fifth Count, for each of Plaintiffs STUART DITCHEK, JONAH BAUMEL, MIRIAM BAUMEL, OSNA BAUMEL and SHIMON BAUMEL.

13

6. $ 25,000,000.00 on the Sixth Count.

B.     Punitive damages against all defendants on the Seventh Count in an

appropriate amount to be determined at Trial;

C.     Reasonable costs and expenses;

D.     Reasonable attorneys' fees; and

E.     Such other and further relief as the Court may determine to be just and

equitable under the circumstances.

April 12, 2006

PEARCE & LUZ LLP
Attorneys for Plaintiffs

By: _Thomas J Luz_____

Thomas J. Luz (DC Bar no. 415762)

1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

14

<div dir="rtl">

## محكمة الولايات المتحدة الإقليمية
### لمقاطعة كولومبيا

زاكري باومل، من خلال صديقه، ستيوارت ديتشك،
جوناه باومل، ميريام باومل، أوسنا باومل، شيمون
باومل،

القضية المدنية رقم

مدّعين،

ضد،

الجمهورية العربية السورية، بشار الأسد، جون دو
رقم 1، كممثل لتركة حافظ الأسد، رفعت الأسد،
فاروق الشرع، عماد مصطفى، مصطفى طلاس،
الجبهة الشعبية لتحرير فلسطين، أحمد جبريل،

قضية للمطالبة بتعويضات عن الأضرار
وتعويضات عقابية وفقًا لقانون الحصانة
السيادية الأجنبية

و

جون وجين دوز من 2-99

مدعى عليهم،


يطالب المدّعون زاكري باومل، من خلال صديقه، ستيوارت ديتشك، جوناه باومل، ميريام باومل، أوسنا باومل،
شيمون باومل من خلال وبواسطة محامين بالتويض عن الأضرار التي حدثت كنتيجة للخطف والاحتجاز لمدة
23 سنة التي تعرض لها زاكري باومل في لبنان وسوريا. يطلب المدعون بالحكم على المدعى عليهم الجمهورية
العربية السورية، بشار الأسد، تركة حافظ الأسد، رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى
طلاس، الجبهة الشّعبية لتحرير فلسطين، أحمد جبريل، جون وجين دوز من 2-99، مجتمعين وأفرادا، ولتأييد
قضيتهم يدعون بما يلي:

</div>

(1)

## سلطة النظر والفصل

1. تتمتع هذه المحكمة بسلطة النظر والفصل في هذه القضية ضد المدّعى عليهم وفقاً للفقرات 1330(a)، 1331 من القانون الفدرالي رقم 28. الجمهورية العربية السورية "سوريا" معرّضة للقضايا القانونية في الولايات المتحدة وفقاً لقانون الحصانة السيادية الأجنبية معدلاً، الفقرة 1605(a)(7) من القانون الفدرالي رقم 28 وما يتبعها من قوانين. المدعى عليه بشار الأسد، رئيس الجمهورية العربية السورية، وجون دو رقم 1 كممثل لتركة حافظ الأسد، رفعت الأسد، فاروق الشرع، عماد مصطفى، مصطفى طلاس، الجبهة الشعبية لتحرير فلسطين، أحمد جبريل وجون وجين دوز من 2-99، معرضين للقضايا القانونية في الولايات المتحدة وفقاً لقانون الحصانة السيادية الأجنبية معدلاً، الفقرة 1605(a)(7) من القانون الفدرالي رقم 28 وما يتبعها من قوانين.

2. المكان المناسب هو هذه المقاطعة وفقاً للفقرة 1391(f)(4) من القانون رقم 28.

(2)

## الأطراف

3. المدّعي زاكري باومل "زاك" هو محتجز حالياً في مكان غير معروف في سوريا أو لبنان. قبل إحتجازه، كان مقيماً في ولاية نيويورك. إنتقل زاك إلى دولة إسرائيل في عام 1970. كان زاك في الأوقات التي تخص هذه القضية ولا يزال مواطناً أمريكياً. إن زاك وعائلته ضحايا للتعذيب وفقاً للتعريف في الفقرة 3 من قانون حماية ضحايا التعذيب لعام 1991 (الفقرة رقم 1350 ملاحظة من القانون رقم 28)، وفقاً للفقرتين رقمي 1605(a)(7) و 1605 (e)(1) من القانون رقم 28. كان زاك وما يزال ضحية للاختطاف كرهيتة حسب التعريف الوارد في المادة رقم 1 للإتفاقية الدولية ضد أخذ الرهائن، وفقاً للفقرتين رقمي 1605(a)(7) و 1605 (e)(1) من القانون رقم 28. لقد عانا ولا زال يعاني "إصابات شخصية" كنتيجة لأفعال المدعى عليهم الجائرة كما هي معرفة في الفقرة 1605(a)(7) من القانون رقم 28.

4. المدعيين جوناه باومل وميريام باومل، وهما زوجان مقيمان وساكنان في دولة إسرائيل وهما مواطنان أمريكيان ووالدا زاك.

5. المدعيين أوسنا باومل وشيمون باومل هما مقيمان وساكنان في دولة إسرائيل وهما مواطنان أمريكيان وأشقاء زاك.

6.    المدعي ستيوارت ديتشك هو مواطن أمريكي ومقيم في مقاطعة كينجز في نيويورك. الدكتور ديتشك هو صديق لزاك، عرفه وكان صديقه المقرب منذ طفولته المبكرة. الدكتور ديتشك كان زميل زاك في الدراسة حتى هجرة زاك إلى إسرائيل في 1970. بقس الدكتور ديتشك على اتصال وصداقة مع زاك حتى وقوعه زاك في الأسر وبعد ذلك وحتى الآن مع عائلة زاك.

7.    بذل الدكتور ديتشك جهوداً طويلة، بمساندة وموافقة عائلة زاك، نيابة عن زاك، قد قام باتصالات مع الحكومات وممثلي الأطراف المسؤولة عن احتجاز زاك، وأنشأ وما زال يقيم موقعاً على شبكة الإنترنت مخصص لضمان الحرية ومتابعة زاك.

8.    بسبب الأسر والاحتجاز المستمر لزاك، والتي تشكل أساس هذه القضية، يرفع الدكتور ديتشك هذه القضية نيابة عن زاك، كصديق له للحكم فيها وفقاً لقانون الحصانة السيادية الأجنبية.

9.    المدعى عليها المدّعى عليها سوريا هي دولة أجنبية صنفتها الولايات المتحدة كدولة راعية للإرهاب منذ 1979 وفق الفقرة 6(j) من قانون إدارة التصدير لعام 1979 (الفقرة 24050 من القانون الفدرالي رقم 50) والفقرة 620 (a) من قانون المساعد الأجنبي لعام 1961 (الفقرة 2371 من القانون رقم 22). وتوفر سوريا دعماً مادياً وموارد للمدعى عليه الجبهة الشعبية لتحرير فلسطين وغيرها من المنظمات التي تم تصنيفها كمنظمات إرهابية حسب معنى الفقرتين 1605(a)(7) والفقرة 1605 ملاحظة من القانون الفدرالي رقم 28، من خلال تزويدهم بالمال والتوجيه والتدريب للقيام بأعمال إرهابية في الشرق الأوسط.

10.    المدعى عليه بشار الأسد ("الأسد") هو رئيس سوريا وكذلك وريث حافظ الأسد (والد الأسد ورئيس سوريا السابق)، قام بأعمال في نطاق منصبه من خلال المساعدة والتنسيق وتوجيه عمليات إرهابية بما في ذلك الأعمال المتعلقة باختطاف زاك، واحتجازه كرهينة وحجزه المستمر. تصرف الأسد كممثل عن سوريا، وقام بأعمال في نطاق تمثيله حسب معنى الفقرتين 1605(a)(7) والفقرة 1605 ملاحظة من القانون الفدرالي رقم 28. كان المدعى عليه الأسد ومن سبقه مسؤولين بشكل شخصي عن الأعمال والتقاعسات التي قام بها المدعى عليهم في هذه القضية.

11.    كان المدعى عليه فاروق الشرع وزير خارجية سوريا، وقام بأعمال في نطاق منصبه من خلال المساعدة والتنسيق وتوجيه عمليات إرهابية بما في ذلك الأعمال المتعلقة باختطاف زاك، واحتجازه كرهينة وحجزه. فارق الشرع تصرف كممثل عن سوريا، وقام بأعمال في نطاق تمثيله حسب معنى الفقرتين 1605(a)(7) و 1605 ملاحظة من القانون الفدرالي رقم 28.

12. المدعى عليه عماد مصطفى هو وزير خارجية سوريا الحالي، قام بأعمال في نطاق منصبه من خلال المساعدة والتنسيق وتوجيه عمليات إرهابية بما في ذلك الأعمال المتعلقة باختطاف زاك، واحتجازه كرهينة وحجزه. وتصرف عماد مصطفى كممثل عن سوريا، وقام بأعمال في نطاق تمثيله حسب معنى الفقرتين 1605(a)(7) و 1605 ملاحظة من القانون الفدرالي رقم 28.

13. كان المدعى عليه مصطفى طلاس وزير الدفاع السابق في سوريا، قام بأعمال في نطاق منصبه من خلال المساعدة والتنسيق وتوجيه عمليات إرهابية بما في ذلك الأعمال المتعلقة باختطاف زاك، واحتجازه كرهينة وحجزه. وتصرف مصطفى طلاس كممثل عن سوريا، وقام بأعمال في نطاق تمثيله حسب معنى الفقرتين 1605(a)(7) و 1605 ملاحظة من القانون الفدرالي رقم 28.

14. في كل الأوقات التي تخص هذه القضية وحتى وفاته في 10 يونيو 2000، كان حافظ الأسد ("حافظ") رئيساً لسوريا.

15. المدعى عليه "جون دو رقم 1" هو الممثل الشخصي لتركة حافظ الأسد. الإسم "جون دو رقم 1" هو إسم خيالي، والشخص المقصود هو الشخص الحقيقي الذي تم تعيينه أو المؤهل تحت القانون الساري في محل إقامته لإدارة مخصصات ومقتنيات وخيارات العمل في ممتلكات حافظ.

16. المدعى عليه رفعت الأسد هو شقيق حافظ، وكان مسؤولاً رفيع المستوى في القوات المسلحة السورية، قام بأعمال في نطاق منصبه من خلال المساعدة والتنسيق وتوجيه عمليات إرهابية بما في ذلك الأعمال المتعلقة باختطاف زاك، واحتجازه كرهينة وحجزه. وتصرف رفعت الأسد كممثل عن سوريا، وقام بأعمال في نطاق تمثيله حسب معنى الفقرتين 1605(a)(7) و 1605 ملاحظة من القانون الفدرالي رقم 28.

17. حسب المعلومات والإعتقاد، قام الدعى عليها الجبهة الشعبية لتحرير فلسطين ("الجبهة الشعبية") هي رابطة غير مسجلة كشركة، أو كيان آخر لا يعرف شكلها أو طبيعتها، تعمل داخل سوريا ولبنان والأراضي تحت سيطرة السلطة الفلسطينية والتي تم تصنيفها من قبل حكومة الولايات المتحدة كدولة راعية للإرهاب وفق الفقرة 6(j) من قانون إدارة التصدير لعام 1979 (الفقرة 24050 من القانون الفدرالي رقم 50) والفقرة 620 (a) من قانون المساعد الأجنبي لعام 1961 (الفقرة 2371 من القانون رقم 22).

18. المدعى عليه أحمد جبريل هو، حسب المعلومات والاعتقاد، مقيم في لبنان وزعيم الجبهة الشعبية.

19.   المدعى عليهم جون دوز رقم من 2 إلى 99 هم مسؤولين آخرين وموظفين وعملاء لسوريا أو غيرهم من المدعى عليهم بما في ذلك الجبهة الشعبية والتي لا تعرف هويتهم حالياً والذين قاموا بأعمال نتجت عنها أعمال إرهابية، بما في ذلك الأعمال المتعلقة باختطاف زاك، واحتجازه وحجزه. المدعى عليهم جون دوز رقم من 2 إلى 99، متصرفين كعملاء لسوريا والمدعى عليهم الآخرين، قاموا بأعمال في نطاق عمالتهم حسب معنى الفقرتين 1605(a)(7) و 1605 ملاحظة من القانون الفدرالي رقم 28.

<div align="center">(3)</div>

<div align="center">**الحقائق**</div>

20.في 11 يونيو 1982، وعندما كان يخدم ضمن سلاح المدرعات من قوات الدفاع الإسرائيلية في جنوب لبنان، تم أسر زاك من قبل وحدة من الجيش السوري أو مجموعة فلسطينية موالية لسوريا.

21.نقل زاك إلى دمشق كرهينة من قبل الجيش السوري حيث تم عرضه كغنيمة حرب، برفقة دبابته وأشخاص آخرين تم أسرهم معه خلال "استعراض نصر". وتعرض زاك ورفاقه إلى التحقير والإهانه، وكانت دبابته على ظهر شاحنة تدور في الشوارع، كل هذا في مخالفة للقانون.

22.   بالرغم من أنه ظهر وكأنه بحالة صحية معقولة بالنظر للظروف، دون اعتبار المحاولات المتعددة للحصول على معلومات من المدعى عليهم الذين منعوا الوصول إليه تماماً، لم تتم رؤية زاك من قبل ممثلين عن إسرائيل، الصليب الأحمر الأمريكي أو عائلته.

23.   لم يتمكن أي من حكومة الولايات المتحدة، حكومة إسرائيل، وكالات الأنباء أو اللجنة الدولية للصليب الأحمر من الحصول على موافقة لرؤية زاك.

24.   بعد ذلك إدعى المدعى عليهم بأن زاك قد توفى وأنه دفن في مقبرة اليهود بدمشق مع الإسرائيليين الآخرين الذين أسروا معه.

25.   بعد ذلك، وبموافقة سوريا، ساعدت اللجنة الدولية للصليب الأحمر في إخراج 4 جثث من القبور التي كانت سوريا تدعي أنها قبور الجنود الإسرائيليين المفقودين في المقبرة اليهودية بدمشق.

26.   أشارت الفحوصات الشرعية من الجثث التي تم إخراجها أن واحدة فقط منها ترجع للجندي الإسرائيلي زوهار ليبسيتش. أما الجثث الأخرى فكانت لعرب.

27. عندما تمت مواجهته بخداعه، قال حافظ وممثلوه أنهم أعادوا "جثث الكلاب".

28. شكل حافظ خلال فترة رئاسة وحتى وفاته شخصيا ومباشرة ومن خلال سلطاته كرئيس لسوريا السياسات والنشاطات التي أدت إلى احتجاز زاك.

29. لقد كانت تصرفات حافظ تجاوزت المقاييس الحضارية للمجتمع واللياقة الإنسانية.

30. لذلك فلا يمكن لحافظ من خلال تركته أن يدعي الحصانة وتكون تركته مسؤولة، من خلال ممثله الشخصي، عن كافة الأضرار التي سببتها تصرفات حافظ.

31. حسب المعلومات والاعتقاد فقد تم أخذ الدبابة والأسرى إلى دمشق ووضعهم أمام المكاتب العسكرية للمدعى عليه رفعت الأسد، والذي بدا وكأنه يوجه القوات السورية في تلك المناسبة ويشجع مضايقة وإساءة معاملة الأسرى.

32. كنتيجة لاحتجازه، فقد قضى زاك في الحجز مدة 8706 يوماً وذلك منذ تاريخ هذه القضية.

33. حسب المعلومات والاعتقاد فإنه قد تم توثيق زاك وربط عينيه وحجزه في أماكن مختلفة لمدة أشهر ونقله من مكان إلى آخر مربوطاً بالسلاسل، وأنه يبقى عليه دائماً في حالة من الضياع والخوف على حياته، ويبقى مسجونا بعزلة عن غيره في غرف ضيقة وبدون تهوية حيث لا يسمح له بالتمرين أبداً تقريباً، ويسمح له باستخدام الحمام بحد أدنى وعلى فترات متباعدة، وأما الطعام الذي يتناوله فهو غير متوازن وممل وقليل الكمية، كما تتم إساءة معاملته جسدياً حيث يضرب بالقبضات والأسلحة والعصي، عدا عن الإساءات الكلامية والإهانات والتحقير التي يتعرض لها، كل ذلك من قبل المدعى عليهم.

34. إضافة إلى ذلك وحسب المعلومات والاعتقاد فقد تم تهديد زاك بالموت من قبل محتجزيه، ولا يسمح له بتلقي العلاج الطبي الملائم أو الأدوية، أو الاتصال بالعالم الخارجي بما في ذلك عائلته وأصدقائه وزملائه، ويجبر على تحمل معاناة جسدية كبيرة وإصابات والكرب النفسي والإحباط والإهانة والقلق والألم والمعاناة.

35. حسب المعلومات والاعتقاد وخلال احتجازه فقد منع زاك عن فرص التعليم أو العمل والتطور، وكذلك لم يتمكن من توفير المال لعائلته خلال فترة احتجازه.

36. حسب المعلومات والاعتقاد فقد منع زاك من فرص التعامل الإجتماعي مع، أو لقاء والتعرف على أشخاص من سنه بهدف الترابط الإجتماعي واحتمالات الزواج وإقامة عائلة خاصة بها وتربيتها.

37. إن الذين احتجزوا زاك ومن يستمرون في حجزه هم عملاء وكانوا عملاء (أ) لحكومة سوريا، و (ب) لكافة المدعى عليهم الذين تصرفوا بخصوص احتجازه وحبسه وساهموا في ذلك كله.

38. بالإضافة إلى ذلك فقد تم احتجاز زاك في بعض الأوقات من قبل الجبهة الشعبية، والتي، حسب المعلومات والاعتقاد عرضت زاك للمضار ذاتها المذكورة في النقطة 33. قام أحمد جبريل بصفته الشخصية وبصفته زعيم الجبهة الشعبية بتوجيه الجبهة الشعبية فيما أصابت زاك من أضرار.

39. في كل الأوقات التي تخص هذه القضية، وفر كل من سوريا والجبهة الشعبية والأسد وحافظ وفاروق الشرع وعماد مصطفى ومصطفى طلاس وأحمد جبريل وجون دوز رقم من 1 إلى 99، دعماً مادياً وموارد على شكل أموال وتدريب وتوجيه لأولئك الذين احتجزوا زاك.

40. كافة المدعى عليهم المسميين أعلاه تصرفوا في نطاق عمالتهم ومناصبهم ووظائفهم.

## التهمة الأولى
### الاعتداء

41. يكرر المدعون الفقرات من 1 إلى 40.

42. في 11 يوليو 1982 قامت سوريا، أو فلسطينيون تحت الهيمنة السورية، بموافقتهم وبعنف وباستخدام القوة، بأسر وتوقيف زاك تحت تهديد السلاح ورغماً عنه في جنوب لبنان.

43. حسب المعلومات والاعتقاد، ومنذ ذلك الحين، تعرض زاك للضرب بالقبضات والأسلحة والعصي وغير ذلك من أدوات من قبل ممثلين للنظام السوري والجبهة الشعبية والمدعى عليهم المذكورة أسماؤهم.

44. حسب المعلومات والاعتقاد، وكنتيجة لتوقيفه بالقوة  و للضرب بالقبضات والأسلحة والعصي وغير ذلك من أدوات والذي تم خلال فترة احتجازه فقد أصيب زاك بإصابات شديدة ودائمة.

45. حسب المعلومات والاعتقاد أنه فيما بعد ذلك وفي أوقات متفرقة خلال احتجازه الطويل كان زاك محتجزاً من قبل المدعى عليهم الجبهة الشعبية وزعيمها أحمد جبريل أو جماعات فلسطينية أخرى تحت الهيمنة السورية، وتعرض للظروف القاسية المذكورة هنا طوال فترة احتجازه.

46. حسب المعلومات والاعتقاد أنه كنتيجة مباشرة وتقريبية لهذه الأعمال فقد تعرض زاك لإصابات بالغة.

## التهمة الثانية
## التهجم

47.  يكرر المدعون الفقرات من 1 إلى 46.

48.  حسب المعلومات والاعتقاد فقد قام كل من سوريا والجبهة الشعبية والمدعى عليهم المذكورة
أسماؤهم، شخصياً أو من خلال ممثلين بتعريض زاك للتهديدات بالأذى أو بقتله مع حدوث وقائع
إساءة جسدية فعلية.

49.  حسب المعلومات والاعتقاد أنه خلال الفترة التي احتجز فيها زاك من قبل المدعى عليهم سوريا
والجبهة الشعبية والمدعى عليهم المذكورة أسماؤهم، شخصياً أو من خلال ممثلين، تم تعريض زاك
للخوف غير المعقول والتخوف من الضرر كنتيجة مباشرة لتهديدات المدعى عليهم المستمرة بإلحاق
الأذى به أو بقتله، مع حدوث وقائع إساءة جسدية فعلية.

50.  كنتيجة مباشرة وتقريبية للأعمال التي تمت برضاهم والمقصودة والجائرة للمدعى عليهم فقد أصيب
زاك حيث تعرض للكرب العقلي والإصابات الجسدية والألم والمعاناة.

51.  حسب المعلومات والاعتقاد فسوف تستمر هذه الإصابات الشديدة طوال بقية عمره بعد الإفراج عنه
وستقصر من عمره.

## التهمة الثالثة
## السجن غير القانوني

52.  يكرر المدعون الفقرات من 1 إلى 51.

53.  لقد احتجز زاك وما زال يحتجز رغماً عنه من قبل المدعى عليهم لفترة بلغت، حتى تاريخ هذه
القضية، 8706 أيام أو بشكل أدق ثلاث وعشرون عاماً وعشرة أشهر ويوم واحد وتستمر حتى
الإفراج عنه.

54.  حسب المعلومات والاعتقاد فقد حرم زاك، خلال فترة احتجازه، من الحرية والتحرر ولم يكن لديه
من طريقة للهرب.

55.  حسب المعلومات والاعتقاد وكنتيجة مباشرة وتقريبية لأعمال المدعى عليهم التي تمت برضاهم
والمقصودة والجائرة وغير المسؤولة، فقد تعرض زاك للإصابة من حيث أنه تحمل كرباً عقلياً
شديداً والألم والمعاناة، وحرم من العمل، وخسر فرص الترقية، وصحبة عائلته وتعرض لإصابات
جسدية شديدة وعدم راحة ومضايقة.

## التهمة الرابعة
## <u>الأضرار الإقتصادية</u>

56.  يكرر المدعون الفقرات من 1 إلى 55.

57.  حسب المعلومات والاعتقاد وكنتيجة مباشرة وتقريبية لأعمال المدعى عليهم التي تمت برضاهم
والمقصودة والجائرة وغير المسؤولة، فقد تعرض زاك لأضرار اقتصادية من حيث أنه حرم من
التعليم والعمل وفرص الترقية خلال الفترة التي احتجز فيها كرهينة وحرم من فرص العمل
المستقبلية بعد إطلاق سراحه.

## التهمة الخامسة
## <u>التعريض المقصود للكرب النفسي</u>

58.  يكرر المدعون الفقرات من 1 إلى 57.

59.  إن أعمال اختطاف زاك واحتجازه كرهينة تمثل تصرفات قاسية وغير مقبولة من قبل المدعى عليهم
وتتخطى أية مقاييس للمجتمع الحضاري.

60.  كنتيجة مباشرة وتقريبية لأعمال المدعى عليهم التي تمت برضاهم والمقصودة والجائرة وغير
المسؤولة، فقد تعرض المدعون لمعاناة نفسية شديدة.

## التهمة السادسة
## <u>الحرمان من السلوان</u>

61.  يكرر المدعون الفقرات من 1 إلى 60.

62.  كنتيجة مباشرة وتقريبية لأعمال المدعى عليهم التي تمت برضاهم والمقصودة والجائرة وغير
المسؤولة، فقد تعرض المدعون لكرب عقلي شديد، وألم ومعاناة نفسية، والحرمان من رفقة وصداقة
زاك خلال فترة احتجازه وإلى حين الإفراج عنه.

63.  كنتيجة مباشرة وتقريبية لأعمال المدعى عليهم التي تمت برضاهم والمقصودة والجائرة وغير
المسؤولة، فقد تعرض زاك لكرب عقلي شديد، وألم ومعاناة نفسية، والحرمان من رفقة وصداقة
أفراد أسرته وصديقه المقرب خلال فترة احتجازه وإلى حين الإفراج عنه.

<div dir="rtl">

## التهمة السابعة
### <u>التعويضات العقابية</u>

64. يكرر المدعون الفقرات من 1 إلى 60.

65. إن أعمال سوريا والجبهة الشعبية، واللتان قامتا معاً وأفراداً بخطف زاك واحتجازه كرهينة لأكثر من ثلاث وعشرين عاماً، كانت أعمالاً مقصودة وضارة وتمت برضاهم وبإهمال غير مسؤول وغير مبال بحقوق زاك.

66. كل من المدعى عليهم المذكورة أسماؤهم تصرف في نطاقه مع سوريا أو الجبهة الشعبية.

67. تبعاً للفقرة 589 من قانون المخصصات المالية المعدل والشامل لعام 1997، السطور رقم 104 إلى 209 من القسم. والجزء 1 والفقرة 101 (c) (30 سبتمبر 1996)، 110 القانون 172-3009 المعاد طبعه في القانون رقم 28 الفقرة 1605 ملاحظة، والذي ينص صراحة على السماح بالمطالبة بالتعويضات العقابية في القضايا الناتجة عن أعمال إرهابية، فإن المدعى عليهم كافة مسؤولون عن التعويضات العقابية.

## طلب الإعانة

لذلك يتقدم المدعون إلى المحكمة بطلب الحكم لصالحهم وضد المدعى عليهم بخصوص التهم الأولى إلى السابعة وأن تمنح المدعين:

أ. تعويضات أضرار ضد كافة المدعى عليهم، مجتمعين وأفراداً بالمبالغ التالية:

1. $100,000,000 للتهمة الأولى.

2. $100,000,000 للتهمة الثانية.

3. $180,000,000 للتهمة الثالثة.

4. $100,000,000 للتهمة الرابعة.

5. $25,000,000 للتهمة الخامسة وذلك لكل من المدعين ستيوارت ديتشك، جوناه باومل، ميريام باومل، أوسنا باومل و شيمون باومل.

6. $25,000,000 للتهمة السادسة.

ب. تعويضات عقابية ضد كافة المدعى عليهم بالنسبة للتهمة السابعة بمبلغ مناسب يتّم تحديده عند المحاكمة.

ت. تكاليف ومصاريف معقولة.

</div>

ث. أتعاب محام معقولة.

ج. أية إعانة أخرى تراها المحكمة عادلة ومحقة في هذا الظرف.

12 إبريل 2006

بيرس أند لوس (شراكة محدودة المسؤولية)
المحامين للمدعين

بواسطة:
توماس جيه لوس (رقم تصريح المزاولة في مقاطعة كولومبيا 415762)

1500 Broadway, 21st Floor
New York, New York 10036
(212) 221-8733

# EXHIBIT 2

Registered No. RB 843315057US

**Date Stamp**

| | | | | |
|---|---|---|---|---|
| Reg. Fee $ 7.9J | | Special Delivery $ | | |
| Handling Charge $ | | Return Receipt $ 1.00 | | |
| Postage $ 8.05 | | Restricted Delivery $ | | |
| Received by | | | | |

To Be Completed By Post Office

NEW YORK NY USPS

Customer Must Declare Full Value $

☐ With Postal Insurance
☒ Without Postal Insurance

$25,000; International Indemnity is Limited (See Reverse)

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM: CLERK, U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, N.W.
WASHINGTON, D.C. 20001

TO: ESTATE OF HAFEZ AL-ASSAD C/O FOREIGN MINISTRY, REPUBLIC OF SYRIA
AL-RASHID STREET
DAMASCUS, REPUBLIC OF SYRIA

PS Form **3806**, February 1995
**Receipt for Registered Mail** (Customer Copy)
(See Information on Reverse)

---

Registered No. RB843315088US

**Date Stamp**

| | | | | |
|---|---|---|---|---|
| Reg. Fee $ **$7.90** | | Special Delivery $ | | 0032 |
| Handling Charge $ **$0.00** | | Return Receipt $ **$1.85** | | 07 |
| Postage $ **$8.05** | | Restricted Delivery $ **$0.00** | | 08/08/06 |
| Received by | | | | |

To Be Completed By Post Office

Domestic Insurance Is Limited To $25,000; International Indemnity is Limited (See Reverse)

Customer Must Declare Full Value $**$0.00**

☐ With Postal Insurance
☐ Without Postal Insurance

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM: CLERK'S OFFICE
US DISTRICT CT. FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

TO: RIFAAT ASSAD, C/O DEFENCE MINISTRY
OMAYYAD SQUARE
DAMASCUS, REPUBLIC OF SYRIA

PS Form **3806**, February 1995
**Receipt for Registered Mail** (Customer Copy)
(See Information on Reverse)

By: _____
NANCY MAYER-WHITTINGTON, CLERK

Date Filed: _____

United States District Court for the District of Columbia.
of a document which was electronically filed with the
I hereby attest and certify that this is a printed copy
(Please Print)

**ECF DOCUMENT**





ECF DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Columbia.
Date Filed:
By:
NANCY MAYER-WHITTINGTON, CLERK

Registered No. *RB 843 315 065 US*     Date Stamp

| | | | |
|---|---|---|---|
| Reg. Fee $ **$7.90** | Special Delivery $ | | 0032 |
| Handling Charge $ **$0.00** | Return Receipt $ **$1.85** | | 07 |
| Postage $ **$8.05** | Restricted Delivery $ **$0.00** | | 08/08/06 |
| Received by | | | |

To Be Completed By Post Office

Domestic Insurance Is Limited To $25,000; International Indemnity Is Limited *(See Reverse)*

Customer Must Declare Full Value $ **$0.00**

☐ With Postal Insurance
☒ Without Postal Insurance

FROM:
CLERK'S OFFICE
U.S. DISTRICT COURT FOR D.C.
3863 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

TO:
FAROUQ AL-SHARAA c/o FOREIGN MINISTRY, REPUBLIC OF SYRIA
AL-RASHID STREET
DAMASCUS-REPUBLIC OF SYRIA

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

PS Form **3806**, February 1995     **Receipt for Registered Mail**     *(Customer Copy)*     *(See Information on Reverse)*

---

Registered No. *RB 843 315 043 US*     Date Stamp

| | | | |
|---|---|---|---|
| Reg. Fee $ **$7.90** | Special Delivery $ | | 0032 |
| Handling Charge $ **$0.00** | Return Receipt $ **$1.85** | | 07 |
| Postage $ **$8.05** | Restricted Delivery $ **$0.00** | | 08/08/06 |
| Received by | | | |

To Be Completed By Post Office

Domestic Insurance Is Limited To $25,000; International Indemnity Is Limited *(See Reverse)*

Customer Must Declare Full Value $ **$0.00**

☐ With Postal Insurance
☒ Without Postal Insurance

FROM:
U.S. DISTRICT COURT FOR D.C.
3863 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

TO:
BASHAR AL-ASSAD, c/o FOREIGN MINISTRY, REPUBLIC OF SYRIA
AL-RASHID STREET
DAMASCUS, REPUBLIC OF SYRIA

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

PS Form **3806**, February 1995     **Receipt for Registered Mail**     *(Customer Copy)*     *(See Information on Reverse)*

**ECF DOCUMENT**

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Columbia.

Date Filed: _____

By: _____

NANCY MAYER-WHITTINGTON, CLERK

# EXHIBIT 3

CO 939
Rev. 7/06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ZACHARY BAUMEL
_____
            Plaintiff(s)

vs.                                          Civil Action No.: 06-682 (RMC)

                                             **ECF**
                                             **DOCUMENT**
SYRIAN ARAB REPUBLIC, et al.                 I hereby attest and certify that this is a printed copy
_____                of a document which was electronically filed with the
            Defendant(s)                     United States District Court for the District of Columbia.
                                             Date Filed: 11/28/06
                                             NANCY MAYER-WHITTINGTON, CLERK

            **CERTIFICATE OF MAILING**       By:

I hereby certify under penalty of perjury, that on the   8th   day of       August       , 20 06 ,
I mailed:

1. ☐  One copy of the summons and complaint      by registered mail, return receipt requested    , to the
       individual of the foreign state, pursuant to the provisions of FRCP 4(f)(2)(C)(ii).

2. ☒  One copy of the summons, complaint and notice of suit     , together with a translation of each into the
       official language of the foreign state, by registered mail, return receipt requested    , to the head of the
       ministry of foreign affairs, pursuant to the provisions of 28 U.S.C. § 1608(a)(3).

3. ☐  Two copies of the summons, complaint and notice of suit     , together with a translation of each into
       the official language of the foreign state, by certified mail, return receipt requested   , to the U.S.
       Department of State, Office of Policy Review and Interagency Liaison, Overseas Citizens Services,
       2100 Pennsylvania Avenue, NW, Fourth Floor, Washington, DC 20520, ATTN: Director of Overseas
       Citizens Services, pursuant to the provisions of 28 U.S.C. § 1608(a)(4).

4. ☒  One copy of the summons and complaint     , together with a translation of each into the official
       language of the foreign state, by registered mail, return receipt requested     , to the agency or
       instrumentality of the foreign state, pursuant to 28 U.S.C. § 1608(b)(3)(B).

                              NANCY MAYER-WHITTINGTON, CLERK

                              By: _____
                                          Deputy Clerk

# EXHIBIT 4

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

WASHINGTON DC 20008

| | | |
|---|---|---|
| Postage | $ **$2.07** | 0032 |
| Certified Fee | **$2.40** | 07 |
| Return Receipt Fee (Endorsement Required) | **$1.85** | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | **$0.00** | |
| Total Postage & Fees | $ **$6.32** | 08/08/2006 |

Sent To *IMAD MOUSTAPHA*
*C/O EMBASSY OF SYRIA*
Street, Apt. No.; or PO Box No. *2215 WYOMING AVENUE/NW*
City, State, ZIP+4 *WASHINGTON, DC 20008*

PS Form 3800, April 2002          See Reverse for Instructions

**ECF**
**DOCUMENT**

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Columbia.
Date Filed: 11/23/06
NANCY MAYER-WHITTINGTON, CLERK
By:

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------  )
ZACHARY BAUMEL, by his next friend,                          )
STUART DITCHECK, JONAH BAUMEL,                               )
MIRIAM BAUMEL, OSNA BAUMEL and                               )
SHIMON BAUMEL,                                               )          Civil Action No. 06-682 (RMC)
                                                            )
              Plaintiffs,                                    )
                                                            )          **AFFIDAVIT OF SERVICE**
       -against-                                             )
                                                            )
SYRIAN ARAB REPUBLIC, BASHAR AL-                            )
ASSAD, JOHN DOE # 1, AS OF                                   )
REPRESENTATIVE OF THE ESTATE OF                              )
HAFEZ AL-ASSAD, RIFAAT ASSAD, FAROUQ                        )
AL-SHAARA, IMAD MOUSTAPHA,                                   )
MOUSTAPHA TLAAS, POPULAR FRONT FOR                          )
THE LIBERATION OF PALESTINE, ACHMED                         )
JIBRIL                                                      )
                                                            )
And                                                         )
                                                            )
JOHN & JANE DOES 2-99,                                       )
                                                            )
              Defendants.                                    )
------------------------------------------------------------  )


STATE OF NEW YORK     )
                      :     SS.:
COUNTY OF NEW YORK    )


         TIMUR TURE, being duly sworn, says:

         I am over the age of eighteen years and am not a party to this action. On December 19,

2007, I served Defendants with a copy of the Motion for the Court to Direct Service Pursuant to

the Foreign Sovereign Immunities Act by sealing same in an envelope, first-class mail with

postage prepaid, addressed to the following addresses:

1.          Imad Moustapha
            c/o Embassy of Syria
            2215 Wyoming Avenue, N.W.
            Washington, D.C. 20008


2.          Bashar Al-Assad
            c/o Embassy of Syria
            2215 Wyoming Avenue, N.W.
            Washington, D.C. 20008


3.          Estate of Hafez Al-Assad
            c/o Embassy of Syria
            2215 Wyoming Avenue, N.W.
            Washington, D.C. 20008


4.          Farouq Al-Shaara
            c/o Embassy of Syria
            2215 Wyoming Avenue, N.W.
            Washington, D.C. 20008


5.          Moustapha Tlaas
            c/o Embassy of Syria
            2215 Wyoming Avenue, N.W.
            Washington, D.C. 20008


6.          Rifaat Assad
            c/o Embassy of Syria
            2215 Wyoming Avenue, N.W.
            Washington, D.C. 20008


                                        _____
                                        Timur Ture

Sworn before me
December 19, 2007


Notary Public

**SANDY CHING**
**Notary** Public, State of New **York**
No. 02CH6140510
Qualified in New York County
Commission Expires January 30, 20 _10_

2