UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ZACHARY BAUMEL, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-682 (RMC) |
| SYRIAN ARAB REPUBLIC, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Zachary Baumel, by his next friends, Stuart Ditchek, Jonah Baumel, Miriam Baumel, Osna Baumel, and Shimon Baumel (collectively, "Plaintiffs") filed a complaint in this matter on April 14, 2006. The complaint alleges that Zachary Baumel, a United States citizen, is currently being held by Defendants at an unknown location in Syria or Lebanon as a victim of "hostage taking" as defined in § 3 of the Torture Victims Protection Act of 1991. Compl. ¶ 3; 28 U.S.C. §§ 1605(a)(7)[1] and 1605(e)(1) (2006). Plaintiffs are seeking, *inter alia*, compensatory and punitive damages against all Defendants. The named Defendants consist of the Syrian Arab Republic and the following individuals (the "individual Defendants"): President Bashar Al-Assad, Foreign Minister Imad Moustapha, former Foreign Minister Farouq Al-Shaara, former Defense Minister Moustapha Tlaas, "former high-ranking member of the Syrian Military," Rifaat Assad, and John Doe # 1, as Representative of the Estate of Hafez Al-Assad.[2]

---

[1] Since the filing of the complaint, 28 U.S.C. § 1605(a)(7) was replaced by 28 U.S.C. § 1605A. *See* Defense Authorization Act for Fiscal Year 2008 ("Defense Authorization Act"), Section 1083, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008).

[2] Names and titles of the individual Defendants appear as listed in Plaintiffs' complaint.

Before the Court is Plaintiffs' Motion for the Court to Direct Service Pursuant to the Foreign Sovereign Immunities Act ("Pls.' Mem."). *See* Dkt. # 8. Plaintiffs request an order pursuant to 28 U.S.C. § 1608(b)(3)(C) permitting them to serve a summons and the complaint in this action on the individual Defendants[3] by delivering them to the Embassy of Syria in the District of Columbia by licensed process server, or by such other means as the Court may direct.

The Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). 28 U.S.C. § 1608 sets forth the requirements for sufficient service under the FSIA. 28 U.S.C. § 1608(a) provides the service requirements for a "foreign state or political subdivision of a foreign state." Service upon an agency or instrumentality of a foreign state is governed by 28 U.S.C. § 1608(b).

On August 8, 2006, Defendants Bashar Al-Assad, John Doe #1 (as Representative of The Estate of Hafez Al-Assad), Rifaat Assad, Farouq Al-Shaara, and Moustapha Tlaas were each sent the summons and complaint via registered mail, return receipt requested, pursuant to 28 U.S.C. § 1608(b)(3)(B). *See* Pl.'s Mem. ¶ 2. On August 10, 2006, Defendant Imad Moustapha was served with the summons and complaint via certified mail, return receipt requested, pursuant to 28 U.S.C. § 1608(b)(3)(B). *Id*. ¶ 3. Return receipts were never returned to Plaintiffs. *Id*. ¶ 4. Plaintiffs "have yet to receive responses from any Defendants and cannot confirm Defendants' receipt of the summons and complaint." *Id*. ¶ 11.

Plaintiffs propose serving the summons and complaint in this action on the individual

---

[3] The Court notes that Plaintiffs are in the process of attempting service on the Syrian Arab Republic under 28 U.S.C. § 1608(a) (governing service on a "foreign state or political subdivision of a foreign state"). *See* Dkt. # 9.

Defendant "agencies and instrumentalities" under § 1608(b)(3)(C) by delivering them to the Embassy of Syria in the District of Columbia by licensed process server. The Court is satisfied that Plaintiffs have exhausted their options under §§ 1608(b)(1) and (b)(2).[4] However, the Court is not prepared to say that the individual Defendants should be classified as "agencies or instrumentalities" instead of the foreign state itself for the purpose of service under 28 U.S.C. § 1608.

Questions of whether service should be accomplished through § 1608(a), for a foreign state or political subdivision, or § 1608(b), for an agency or instrumentality, are decided by a "core functions" test. *See Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 234 (D.C. Cir. 2003) (citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 149-50 (D.C. Cir. 1994)). "[I]f the core functions of the entity are governmental, it is considered the state itself; if commercial, the entity is an agency or instrumentality of the foreign state." *Roeder*, 333 F.3d at 234. The distinction is an important one. "[S]ection 1608(a) 'sets forth the exclusive procedures for service on a foreign state, but contains no such admonition for section 1608(b). Section 1608(b)(3) allows simply delivery 'if reasonably calculated to give actual notice,' showing that Congress was there concerned with substance rather than form; but the analogous subsection of section 1608(a) says nothing about actual notice." *Transaero*, 30 F.3d at 154 (citing H.R. Rep. No. 1487 (1976), at 24, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6223); *id*. ("The authorities generally hold that section 1608(b) may be satisfied by technically faulty service that gives adequate notice to the foreign state. . . . [However], strict adherence to the terms of 1608(a) is required.").

---

[4] The Court agrees with Plaintiffs' argument that service cannot be made pursuant to § 1608(b)(1) and § 1608(b)(2). *See* Pls.' Mem. ¶ 13. There are no special arrangements between Plaintiffs and the foreign state (Syria) or the individual Defendants. Plaintiffs also report that Syria does not have any agents in the United States who are authorized to accept service on behalf of the individual Defendants and Syria is not a party to any relevant conventions. *Id*.

The Plaintiffs have not provided any basis for the Court to treat all of the individual Defendants as "agencies or instrumentalities" for the purpose of service.  Plaintiffs ask this Court to categorically treat all individual Defendants the same for service, notwithstanding case law that suggests some of the individual Defendants should be served pursuant to § 1608(a).  *See, e.g.*, *Roeder*, 333 F.3d at 234 ("the Ministry of Foreign Affairs must be treated as the state of Iran itself"); *Nikbin v. Islamic Republic of Iran*, 471 F. Supp. 2d 53 (D.D.C. 2007) (Iranian Ministry of Intelligence and Security was categorized as the foreign state itself for service of process purposes); *id*. at 65-67 ("The Court now holds that an officer of an entity that is considered the foreign state itself under the core-functions test should also be treated as the state itself for purposes of service of process under § 1608"); *Dammarell v. Islamic Republic of Iran*, 404 F. Supp. 2d 261, 274-75 (D.D.C. 2005) (Revolutionary Guards must be treated as the foreign state itself for service). Plaintiffs seemingly fail to recognize this case law and its applicability to President Bashar Al-Assad and Foreign Minister Imad Moustapha.

Nor have Plaintiffs explained why certain individual Defendants are even subject to the FSIA at all, let alone why they should be classified as "agencies or instrumentalities," as opposed to the "foreign state," for purpose of service.  Plaintiffs present no basis to apply the FSIA to *former* officials of the Syrian government (e.g., former Foreign Minister Farouq Al-Shaara, former Defense Minister Moustapha Tlaas, and "former high-ranking member of the Syrian Military," Rifaat Assad) and no argument regarding the applicability of the FSIA to Defendant "John Doe # 1," who is presumably *not* a State actor.  Accordingly, it is

**ORDERED** that Plaintiffs shall file a supplemental brief concerning the adequacy of service on each individual Defendant no later than **April 24, 2008**.  The Court will reserve ruling

on Plaintiffs' Motion for the Court to Direct Service Pursuant to the Foreign Sovereign Immunities Act [Dkt. # 8].

       **SO ORDERED**.

Date: April 11, 2008                                                     /s/
                                                                      ROSEMARY M. COLLYER
                                                                      United States District Judge